MATTHEW GRIFFIN ET UX. vs. WILLIAM M. FERRIS ET AL.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A twofold obligation is assumed by the vendee of goods purchased un-
der a bill of conditional sale which requires weekly payments and
a settlement in full within one year. For a default in either respect
the vendor may retake the goods, if the contract so provides.

Argued October 14th—decided December 18th, 1903.

REPLEVIN for a range, brought by the defendants' appeal
from a judgment of a justice of the peace to the Court of
Common Pleas for Hartford County and tried to the jury be-
fore *Coats, J.;* verdict and judgment for the plaintiffs, and
appeal by the defendants. *Error and new trial granted.*

*Herbert O. Bowers,* for the appellants (defendants).

*Harry M. Burke,* for the appellees (plaintiffs).

BALDWIN, J. This case was properly treated by the trial
court as turning upon the construction to be given to the
following paper, which the plaintiffs delivered to the defend-
ants : —

"Mr. and Mrs. Matthew Griffin,
　　　　　　　　　　　　Bought of Ferris Brothers,
　　　　　　　　　　　　Received of Ferris Brothers,
of South Manchester, Conn., on the 9th day of August, 1900,
the following goods, to wit: 1 No. 8–18–6 Richmond range
and shelf ; also bill of goods to January 1, 1902, bal. $25.08;
also charge of stovepipe, etc., January 11, 1902; also pipe
and moving expenses, for which said goods I hereby agree to
pay said Ferris Brothers the sum of $25.08 as follows : to be
paid weekly, account to be settled in full in twelve months.

"It is further agreed as part of the consideration of this in-
vestment that said goods shall be at the risk of said vendee,

Griffin v. Ferris.

but the title and ownership thereof shall remain in said Ferris Brothers until the price shall be fully paid and this agreement canceled, and that said price shall be paid at Ferris Brothers' store, and that in case any such partial payment shall not be made when due, said Ferris Brothers, or their agents, may take said goods into their possession and for use of and for damage to said goods may retain any payment made before such delinquency. The vendee, however, to have the privilege of retaining said goods on the immediate payment of the whole purchase price.

" Mrs. Matthew Griffin."

The goods in question were part of those above described, and were replevied in July, 1902, part of the balance of $25.08 then remaining unpaid and several weeks having elapsed during which no payments on account had been made. The jury were instructed that the words " account to be settled in full in twelve months," gave the plaintiffs an absolute right to their possession for twelve months from the delivery of the paper. This charge virtually denied any effect to the words next preceding those quoted, " to be paid weekly." All these words were written by the defendants upon a printed blank. The obligation thereby assumed by the plaintiffs was twofold : to pay something every week until all should be paid, and to pay all within twelve months. Any default in either respect gave the defendants an immediate right to resume possession.

There is error and a new trial is granted.

In this opinion the other judges concurred.