PITTSBURGH, C. & ST. L. R. CO. (HUME v.). See Case No. 6,865.

PITTSBURGH, FT. W. & C. R. CO. (EMIGH v.). See Case No. 4,449.

PITTSBURGH, FT. W. & C. R. CO. (HAIGHT v.). See Case No. 5,903.

---

## Case No. 11,198.

### PITTSBURGH LOCOMOTIVE & CAR WORKS v. STATE NAT. BANK OF KEOKUK.

[2 Cent. Law J. 692; 1 Law & Eq. Rep. 56; 8 Chi. Leg. News. 41; 1 Thomp. Nat. Bank Cas. 315; 1 N. Y. Wkly. Dig. 332; 21 Int. Rev. Rec. 349; 12 Alb. Law J. 280.] [1]

Circuit Court, D. Iowa. Oct. Term, 1875.

CONDITIONAL SALE—PLEDGE—POWER OF NATIONAL BANKS TO TAKE PLEDGES OF CHATTELS.

1. A locomotive was leased by the manufacturers to a railroad corporation in Iowa, by an instrument in writing not recorded, for a sum equal to its value, to be paid in nine months; otherwise the manufacturers were to have the right to re-possess the same. The lessee pledged the locomotive to a bank to secure a loan of money. Held, under section 1922 of the Iowa Code (1873), which requires contracts for the conditional sale of chattels to be recorded in order to be valid against creditors and subsequent purchasers without notice, that the pledgee's right was superior to that of the manufacturers.

---

[1] [Reprinted from 2 Cent. Law J. 692, by permission. 1 Law & Eq. Rep. 56, and 12 Alb. Law J. 280, contain only partial reports.]

2. A national bank may take a pledge of chattels as security for money lent.

At law.

Howell & Anderson, for plaintiff.
Gilmore & Anderson, for the bank.

DILLON, Circuit Judge. Replevin for a locomotive engine. In July, 1873, the plaintiffs and the Miss. Valley & West. R. R. Co. (an Iowa and Missouri corporation) entered into a written contract, by the terms of which it "let" or leased to the railroad company the locomotive engine for nine months, for a sum equal to the value of the locomotive, one-fourth of which was paid at or near the date of the instrument, and the balance was to have been paid within the nine months. If paid, the plaintiff was to execute to the railroad company a bill of sale; if not paid, the plaintiff "was to re-possess and enjoy the engine as though the instrument had never been made." The instrument contained a stipulation on the part of the railroad company, that the said locomotive engine should be taken to Keokuk, Iowa, by the railroad company, and there kept and used and not removed from the control of the railroad company without the consent of the plaintiff. The engine was sent to the railroad company, and was received by it at a town on its line in Missouri. While there, to wit, in September, 1873, said railroad company borrowed of the State National Bank of Keokuk $1,250, and pledged the engine to the bank as security, placing the same in the actual custody of a third person for the security of the bank. The bank had no notice of the plaintiff's lease or claim on the locomotive, and the plaintiff's lease was never recorded. The question in the case is whether the pledge to the bank gives it a right to hold the locomotive as security for its loan to the railroad company as against the plaintiff.

At the date of these transactions there was in force in the state of Iowa the following statute: "No sale or contract or lease wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages." Code 1873, § 1922.

DILLON, Circuit Judge (orally). 1. Conceding that the instrument of lease was executed in Pennsylvania, and that as between the parties it does not show a sale of the engine, and that, aside from the Iowa statute (Code 1873, § 1922), the plaintiffs would have the superior right, I am of the opinion, in view of the express stipulation of the contract, that the locomotive was to be taken to Iowa and there used by the railroad company, that the Iowa statute controls the case and

has the effect to subordinate the rights of the plaintiffs to the lien of the bank as pledge.

2. I am furthermore of the opinion, that under the national banking act the bank had the right, on making the loan to the railroad company, to take a pledge of the locomotive as security. National banks are not, in my judgment, confined, in the taking of security for discounts and loans, to the security afforded by the names of indorsers or personal sureties, but may take a pledge of bonds, choses in action, bills of lading, or other personal chattels. The words "loans on personal security," in the banking act, are used in contra-distinction to real estate security. Such has been the usage of the banks, and any other construction would throw a bombshell into the community, and injure both the banks and their customers.

Judgment for defendant.

NOTE. In Shoemaker v. Mechanics' Nat. Bank [Case No. 12,801], decided in the Maryland circuit, it was held by Mr. District Judge Giles that a national bank has power to lend money on a note or other personal obligation secured by a pledge of stock of a corporation as collateral security.

[This cause was carried by writ of error, to the supreme court, where it was heard on a motion to dismiss the case. The motion was granted. 154 U. S. 626, 14 Sup. Ct. 1180.]