The National Cash Register Company *vs.* Milo K. Woodbury.

70  321
71  365

First Judicial District, Hartford, January Term, 1898. Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

The absolute title to personal property in the possession of a vendee under an unrecorded contract of conditional sale, passes to his trustee in insolvency, notwithstanding the latter had actual knowledge, before the assignment, of the terms of the conditional sale, and afterwards had notice of the debtor's failure to make the stipulated payments. Such knowledge upon the part of the trustee cannot affect the creditors of the insolvent debtor.

[Argued January 7th—decided January 21st, 1898.]

Action of replevin to recover possession of a cash register, brought to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.,* upon the defendant's demurrer to the plaintiff's reply; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The complaint was brought on the 15th day of March, 1897, to recover possession of " one cash register, number 101, 221," which it alleged the defendant wrongfully detained from the plaintiff. The answer alleged, in substance, that the

defendant on the 24th of February, 1897, was duly appointed by a Court of Probate in this State, trustee of the insolvent estate of one Raiche, and had duly qualified as such and accepted said trust; that among the assets and property of said Raiche and in his possession, the defendant found the cash register in question, which he had inventoried and claimed to hold as part of said estate. The reply admitted the facts set up in the answer, with the exception of the allegation that the cash register was the property of Raiche, and then in substance proceeded as follows : Raiche obtained the cash register of the plaintiff on or about July 1st, 1896, under the provisions of a conditional bill of sale, by the terms of which the register was to remain plaintiff's property until fully paid for by monthly installments, and in default of any such payment plaintiff might take possession of and remove said register, "of which facts the defendant, on or about February 13th, 1897, and previous to the assignment in insolvency of said Raiche, had notice by himself and by his attorney George B. Fowler; that said monthly payments were not made by said Raiche as agreed, of which the defendant had notice on or about March 6th, 1897 ; that the defendant though often requested, and particularly on or about March 15th, 1897, would neither pay the balance due on said register nor allow the plaintiff to take possession of it; whereupon the plaintiff obtained possession of said cash register by this writ of replevin."

To this reply the defendant demurred, on the ground that it was not averred and did not appear that the conditional bill of sale was either acknowledged or recorded as required by statute.

*John Hamlin*, for the appellant (plaintiff).

The trustee in insolvency is the personal representative of the insolvent debtor and, so far as this plaintiff is concerned, held the cash register in question under the same terms and subject to the same conditions as applied to it in Raiche's hands. *Palmer* v. *Thayer*, 28 Conn. 244 ; *Cooke* v. *Thresher*, 51 id. 107 ; *Merwin* v. *Austin*, 58 id. 34 ; *Adams* v. *Lee*, 64

N. H. 422; *Baker* v. *Tolles*, 36 Atl. 551; *Hooven, O. & R. Co.* v. *Burdett*, 153 Ill. 679. Undoubtedly for certain purposes a trustee in insolvency represents creditors; *Trumbull* v. *Hewitt*, 62 Conn. 450; but this is the *one exception* to the general rule that a trustee can only do what the insolvent could have done with regard to the latter's property. A trustee in insolvency is not an attaching creditor nor a *bona fide* purchaser, but the representative of the insolvent only. *Hooven, etc., Co.* v. *Burdett*, *Adams* v. *Lee*, *supra*. The object of recording papers is simply to give notice of their contents; and is entirely unnecessary as to an attaching creditor, in cases of conditional sale, if the creditor had notice of the terms of the sale previous to the attachment. If the trustee represents creditors, stands in their place, and is their agent, then the knowledge of the trustee is the knowledge of the creditors. *First Nat. Bank* v. *Tufts*, 53 Kan. 712; *Batchelder* v. *Sanborn*, 66 N. H. 192; *Central Trust Co.* v. *Arctic, etc., Co.*, 77 Md. 203; *Frank* v. *Batten*, 49 Hun, 91. No lien attaches, and no equity arises in favor of creditors, by virtue of the statute, unless they take the steps prescribed by law to assert their rights. *Keller* v. *Smalley*, 63 Tex. 519; *Union Trust Co.* v. *Trumbull*, 137 Ill. 180; *Gill* v. *Pinney*, 12 Ohio St. 46. The statute should receive a strict construction. *Wooley* v. *Geneva Wagon Co.*, 35 Atl. 790; *Campbell, etc., Co.* v. *Dyer*, 46 Neb. 830.

*George B. Fowler*, for the appellee (defendant).

A trustee in insolvency is not a " personal representative " of the insolvent debtor, but represents creditors. *In re Wilcox & Howe Co.*, 70 Conn. 220; *Davies* v. *Davies*, 55 id. 324; *Swift* v. *Thompson*, 9 id. 69; *Shipman* v. *Ætna Ins. Co.*, 29 id. 254; *Taylor* v. *Atwood*, 47 id. 507; *Shaw* v. *Smith*, 48 id. 313; *Trumbull* v. *Hewitt*, 62 id. 450. It is absurd to say that Milo K. Woodbury, a creditor, can attach the property for his debt; but Milo K. Woodbury, trustee in insolvency and representative of creditors, cannot. This statute is different from § 2961, Gen. Statutes, relating to the recording of deeds of land. In the latter the sole purpose of the record is no-

tice, and contending parties are left to work out their equities as the case may be. The statute involved in this case fixes by law the status of the parties on failure to comply with its terms; it passes upon and decides the equities; and the equities are in favor of creditors. *Rood* v. *Welch*, 28 Conn. 157; *Gilday* v. *Warren*, 69 id. 237. The contract in this case belongs to that same class of transactions which, although made in actual good faith, are by law deemed fraudulent and void.

TORRANCE, J. In July, 1896, the plaintiff delivered to Raiche a cash register, under a contract of sale conditioned that the title to the register should remain in the plaintiff after such delivery until the price of the register should be paid. The contract was neither acknowledged nor recorded as required by the statute. In this condition of things, and while the price of the register remains unpaid, Raiche makes an assignment in insolvency for the benefit of his creditors, under our statute, and his trustee, finding the register in Raiche's use and possession, inventories it and holds it as part of the insolvent estate.

If these were all the facts in the present case, it would be governed, as the plaintiff concedes, by the decision just made by this court in the case of *In re Wilcox & Howe Co.*, *ante*, p. 220; but the plaintiff claims that there is an additional fact in this case which differentiates it from the *Wilcox & Howe Co.* case, and that is, the knowledge which it is alleged and admitted the defendant had of certain matters prior to and after his appointment as trustee.

It is admitted that the defendant, prior to the assignment in insolvency, and of course prior to his appointment as trustee, had notice of the conditional bill of sale under which Raiche held the register, and of its terms, so far as they are recited in the reply; and that after his appointment as trustee the defendant had notice that Raiche had not made the monthly payments as agreed.

We are of opinion that this notice and knowledge on the part of the defendant, as alleged, is of no importance in the

present case.  In his argument on this part of the case, the plaintiff assumes that if the creditors of Raiche, prior to the assignment, had had the notice and knowledge which it is alleged the defendant had, the conditional bill of sale would be available to the plaintiff as against them.  Whether this would be so or not, we have no occasion to consider nor to decide here, for we are of opinion that the knowledge of the defendant, prior to the assignment, was not the knowledge of the creditors at all, either in contemplation of law or otherwise.  What he then knew of the conditional sale, he knew simply as an individual and not as an agent or representative of the creditors.  If such knowledge could ever be imputed to the creditors, it clearly could not be so imputed until the defendant was appointed trustee and began to act for them in that capacity.  *Farmers' & Citizens' Bank* v. *Payne*, 25 Conn. 444; *Farrel Foundry* v. *Dart*, 26 id. 376; *Platt* v. *Birmingham Axle Co.*, 41 id. 255; *New Haven M. & W. R. Co.* v. *Chatham*, 42 id. 465.  No claim is made that he communicated this knowledge to all or any of the creditors, and for aught that appears he was then as to them an unknown stranger.  Prior to the assignment, then, the creditors of Raiche were not affected by the knowledge possessed by the defendant as an individual, and they were, up to that time, so far as the plaintiff is concerned, creditors without notice.  The fact, then, that the defendant possessed such knowledge prior to the time of his appointment, cannot avail the plaintiff.

Can the fact that he possessed such knowledge immediately after his appointment as trustee, as he undoubtedly did in point of fact, be of any avail to the plaintiff?  We think not.  So far as the creditors in the present case are concerned, such notice must be regarded as then coming to the trustee for the first time, and as coming too late.  After the assignment, when the property of Raiche had been sequestered by law for the benefit of his creditors, notice of the conditional sale, other than that which the statute requires, came too late to be of any avail to the conditional vendor.  The property then was in a position similar to that which it would

have been in if it had been attached or levied upon by creditors without notice ; and in such case, clearly, notice of the conditional sale other than that which the statute requires, coming to such creditor after the levy of attachment or execution, comes too late to be of any avail to the conditional vendor. The case at bar, then, is not distinguishable from the case of *In re Wilcox & Howe Co.*, and is governed by the decision in that case.

There is no error.

In this opinion the other judges concurred.