---

In re LEGG et al.

(District Court, D. Connecticut. July 31, 1899.)

No. 60.

1. BANKRUPTCY—TITLE OF TRUSTEE—CONDITIONAL SALES.
   Where a state statute provides that conditional sales of personal property, unless by writing, acknowledged and recorded, shall be deemed absolute sales, except as between the parties or their personal representatives, property held by a bankrupt purchaser under a bill of sale not acknowledged or recorded will vest in his trustee for the benefit of the estate, and cannot be reclaimed from him by the vendor, although, as against the bankrupt himself, such vendor might have claimed the property for nonpayment of the price.

2. SAME—CONFLICT OF LAWS.
   Where a contract of conditional sale of personal property is made in one state, but provides for the delivery of the chattels in another state, and their use there by the purchaser, it is to be governed, in a contest between the vendor and the trustee in bankruptcy of the vendee, by the law of the latter state, not the former.

In Bankruptcy. On review of decision of referee in bankruptcy.

David Strouse, for trustee in bankruptcy.

Edgar M. Warner, for claimant, Woonsocket Napping Mach. Co.

TOWNSEND, District Judge. This is an appeal from a decision of the referee denying the application of the Woonsocket Napping Machine Company for the delivery of a certain napping machine. Said machine was sold in Rhode Island, and shipped to Connecticut, the freight being paid by the purchaser, now bankrupt, under a written agreement, signed by said purchaser, which provided that the machine should remain the property of the vendor until paid for. The agreement was made in Rhode Island, where such an agreement need not be recorded, and provided that the machine should be shipped to Connecticut, where such agreements must be acknowledged and recorded in order to be valid against third parties. The Connecticut statute of 1895 (chapter 212) is as follows:

"Section 1. All contracts for the sale of personal property, except household furniture, musical instruments, bicycles, and such property as is by law exempt from attachment and execution, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property, and all conditions of said sale, acknowledged before some competent authority, and recorded within a reasonable time in the town clerk's office in the town where the vendee resides.

"Sec. 2. All conditional sales of personal property which shall not be made in conformity with the provisions of the preceding section shall be held to be absolute sales, except as between the vendor and the vendee or their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee, in the same manner as any other property not exempted by law."

There is due on said machine $308 under said contract. Counsel for the Woonsocket Napping Machine Company claims that the trustee in bankruptcy takes only the title of the bankrupt; and that the contract was complete in the state of Rhode Island, where the agreement of sale was executed. In support of the first proposition he relies upon the decision of the referee in the Case of George W. McKay, in the district court for the Northern district of Ohio. The decision of the referee on said point was as follows:

"The assignee took the property subject to such equities, liens, or incumbrances as would have affected it had no adjudication in bankruptcy been made. The assignee can assert in behalf of the general creditors no claim to the proceeds of the sale of the property which the bankrupts themselves could not have asserted in a contest exclusively between them and the mortgagee. * * * A comparison of the bankrupt acts of 1867 and of 1898 does not show that the trustee under the act of 1898 has any greater rights than the assignee had under the act of 1867." 1 Nat. Bankr. News, 133.

Sections 67a and 70a (5) of the act of 1898 provide as follows:

"67a. Claims which, for want of record or for other reasons, would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

"70a. (Stating what property passes to the trustee.) Property which, prior to the filing of the petition, he (bankrupt) could by any means have transferred, or which might have been levied upon and sold under judicial process against him."

These provisions are not found in the law of 1867. I am therefore of the opinion that the alleged title of claimant is not valid against the estate of the bankrupt, and that the trustee has greater rights than the assignee had under the act of 1867, and has the right to said property. That such a conditional bill of sale is not valid as against execution creditors in Connecticut unless recorded, is established by the following cases: In re Wilcox & Howe Co., 70 Conn. 224, 39 Atl. 163; Cash-Register Co. v. Woodbury, 70 Conn. 321, 39 Atl. 168. It is settled by numerous decisions that, where such a contract contemplates or expressly provides that the property is to be delivered or used in another state, the law of the latter state prevails. Hart v. Manufacturing Co., 7 Fed. 543; Pittsburgh Locomotive & Car Works v. State Nat. Bank of Keokuk, 19 Fed. Cas. 785 (No. 11,198); Heryford v. Davis, 102 U. S. 235; Chicago Ry. Equipment Co. v. Merchants' Bank, 136 U. S. 268, 280, 10 Sup. Ct. 999; McGourkey v. Railway Co., 146 U. S. 536, 13 Sup. Ct. 170. In the case at bar it is clear that the parties contemplated a transaction to be carried out and completed in the state of Connecticut, and that the transaction is to be governed by the law of said state. It is also clear, from the character of the contract, that it is not a lease; that, whatever may have been the language used, the parties contemplated, not a borrowing or a hiring, but a conditional sale, which, under the Connecticut statute, is to be treated as an absolute sale of the property. Hery-

ford v. Davis, supra; Chicago Ry. Equipment Co. v. Merchants' Bank, supra; Loomis v. Bragg, 50 Conn. 228; Hine v. Roberts, 48 Conn. 267. The decision of the referee is affirmed.