### In re PRESS-POST PRINTING CO. et al.

(District Court, S. D. Ohio, E. D. January 11, 1901.)

#### No. 111.

BANKRUPTCY—EFFECT OF ADJUDICATION—PROPERTY HELD UNDER CONDITIONAL SALE.

An adjudication in bankruptcy and the appointment of a trustee operate as a seizure under process of property of which the bankrupt was in possession under a conditional sale, and in Ohio vest the trustee with title for the benefit of all creditors, as against the seller, unless the condition be evidenced in writing deposited with the township clerk as required by Rev. St. Ohio, §§ 4155 (2), 4155 (3).

In Bankruptcy. On certificate from referee.

L. F. Sater, O. H. Mosier, M. E. Thrailkill, and Nash & Lentz, for petitioning creditors.

R. McCoy, for bankrupt.

THOMPSON, District Judge. Under the conditional sales referred to in the certificate of the referee, the possession of the property was transferred to the vendee, to be used in carrying on its business. The possession and use of the property were evidence of ownership, and, no doubt, helped the vendee to obtain credit in its business dealings. And the creditors of the vendee who seized the property under legal process are protected against the title of the vendors, unless the vendors have complied with the requirements of sections 4155 (2) and 4155 (3) of the Revised Statutes of Ohio, declaring conditional sales of personal property void as to all subsequent purchasers and mortgagees in good faith and creditors, unless the condition be evidenced by a writing deposited with the township clerk, etc. The adjudication of this court that the vendee was bankrupt, and the transfer of the possession of the property to the trustee, constituted legal process, and operated as a seizure of the property for all the creditors. It was, so to speak, an equitable execution in favor of all the creditors, including the vendors. The vendors are creditors of the bankrupt for the balance of the purchase money. In fact, if not in legal effect, the vendors held the title to the property as security for the purchase money; and this security was available against the vendee, and could have been made available against third parties by a compliance with the statute, or by the resumption of the possession of the property before it was seized by the creditors under legal process. I agree with the construction of sections 57a and 70a of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 560, 565 [U. S. Comp. St. 1901, pp. 3443, 3451], given by the court in Re Legg et al., 96 Fed. 326.

The findings and order of the referee will be approved and confirmed.