THE LAMBERT HOISTING ENGINE COMPANY *vs.* MAUR-
ICE F. CARMODY.

THE LAMBERT HOISTING ENGINE COMPANY *vs.* MAUR-
ICE F. CARMODY ET AL.

Third Judicial District, Bridgeport, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The insertion, in a contract of bailment or lease, of a provision giving
an option of purchase at a fixed price, and, in case of its exercise,
applying payments of rent then made to the purchase price,
does not, as matter of law, turn the bailee or lessee into a con-
ditional vendee.

A sewer contractor stated to the plaintiff that he desired to rent one
of its cableways, and might wish to buy it if he obtained a large
job. After some negotiation as to the rental price and term of
the lease it was finally agreed that the plaintiff should submit
to the contractor, as it afterward did, a written proposition to
lease the cableway for not less than four months at $200 per
month, payable in advance, the rent to be applied on the pur-
chase price of $3,150 if the contractor should conclude to buy
within that period; if he should decide not to purchase at all he
was to ship the cableway back to the plaintiff at his own ex-
pense and in good condition; and the title to the cableway was
to remain in the plaintiff until paid for. The contractor ac-
cepted this proposition in writing and ordered the cableway.
After using it for several months the contractor, having paid
nothing on the rent, abandoned it and also his job, and the de-
fendants attached the cableway as his property, upon the ground
that the contract was one of conditional sale which had not been
acknowledged and recorded as the statute (§§ 4864, 4865 as
amended by Chap. 113 of the Public Acts of 1905) required.
*Held* that there was nothing in these facts which impugned the
conclusion of the trial court that the contract was one of bail-
ment and not one for a conditional sale.

The question of whether a contract is in reality what it purports to
be on its face, or is a mere pretense to give a false appearance
to the agreement which the parties actually made, is one of fact
to be settled by the trial court upon a consideration of all the
circumstances attending the transaction, among which the pre-
liminary negotiations may be of importance.

Argued October 30th—decided December 18th, 1906.

ACTIONS of replevin, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff in each case, and appeal by the defendants. *No error.*

The finding showed these facts : The plaintiff is a New Jersey corporation engaged in the business of making, selling and leasing hoisting engines and cableways. In July, 1905, another New Jersey corporation, the McGovern Construction Company, having a contract with the city of Waterbury, Connecticut, to build a sewer, stated to the former company that it wanted to rent a cableway for use under a contract with said city, and asked what the rental would be. The "asking price" first named was $265, but it was finally agreed that the Lambert Company should submit a proposal to rent a cableway at $200 a month, payable in advance and, the McGovern Company stating that, if it were successful in securing a large job, it might wish to purchase it, they agreed that the proposition should include a provision that if it should purchase, the rent paid should apply on the purchase price. The McGovern Company asked to rent it for three months only, but the Lambert Company refused to rent it for less than four months. A proposal was thereupon drawn up by the Lambert Company and soon afterward accepted in New Jersey by the McGovern Company, reading as follows :—

" Proposal for Lambert Sewer, Portable Cableway, Hoisting and Conveying, Simultaneously.

"Newark, N. J., July 20, 1905.

"McGovern Construction Co.,

"Trenton, N. J.

"Gentlemen :

"We agree to deliver, F. O. B. cars, Newark, N. J., a complete cableway of the Lambert Hoisting Engine Co. type, as follows: SPAN, three hundred feet (A detailed description followed).

"ERECTION. We will erect the cableway on such part of your work as you may direct, you to furnish all neces-

sary labor; and we will place the machine in working order by furnishing a man familiar with the working system, who will superintend the erection, and who will stay with the machine for a time after it is erected to instruct your engineer, etc. We will expect you to furnish all necessary permits, coal, water, and to dig the holes for anchorages.

" The price of the above cableway specified is three thousand, one hundred and fifty dollars F. O. B. cars, Newark, N. J.

" We will rent the above machine for the sum of two hundred dollars ($200) per month in advance, for the period of not less than four months, the rent to apply on the purchase price at any time in the aforesaid months. If the prospective purchaser does not wish to purchase this machine, it is understood that he is to pay the freight back to Newark, N. J., and to return in good condition, subject to wear and tear. The right of title to the machine herein referred to is to remain in the Lambert Hoisting Engine Company until paid for by the prospective purchaser.

"Lambert Hoisting Engine Company,
by J. G. Delaney."

" We hereby accept the above proposition, and order from you one of these machines as specified.

"McGovern Construction Company,
William F. McGovern, Pres't. (Co.'s Seal).
" Attest,
George Pfeffer, Jr., Sec'y."

This contract was never acknowledged before any competent authority, nor recorded in any public office either in New Jersey or Connecticut.

Under the contract the cableway as described was shipped by the Lambert Company, in August, from Newark to the McGovern Company at Waterbury, and soon after its arrival placed in position for work on said sewer, and thereafter used under said contract by the McGovern Company until November 11th, 1905, when it abandoned the work and left the cableway with no one in charge of

it. On November 13th, the Lambert Company sent an agent to assert its right to it, who engaged a man to guard it temporarily. It was so heavy that it could not be readily removed. On November 24th, the defendant Carmody, as a constable, attached it as the property of the McGovern Company, in a suit brought by the other defendant, the Waterbury Lumber and Coal Company. In January, 1906, it was replevied in one of these actions.

After the shipment of the cableway, no communication of any kind in regard to said machine was had between the plaintiff and the McGovern Company, except that the plaintiff sent bills and dunning letters to the McGovern Company, requesting payment of said rent of $200 a month. The plaintiff never made any claim against the McGovern Company for the purchase price of said machinery, but merely claimed the agreed rental. The McGovern Company never paid any part of said rental to the plaintiff. The McGovern Company never exercised its option or privilege of purchasing said machine, and no contract of sale was made between it and the plaintiff, unless that above set forth is such a contract. Two hundred dollars a month, the amount of rent named in said writing made by the plaintiff and the McGovern Company, is a fair, reasonable, and moderate price for the rent of said machine.

Upon these facts, the Superior Court came to the conclusion that the written proposal, as accepted, was a contract of bailment, and not of conditional sale, nor such a writing that as between the parties to the action it evidenced an absolute sale of the property described in it, under the provisions of §§ 4864 and 4865 of the General Statutes and chapter 113 of the Public Acts of 1905.

In August, 1905, the McGovern Company stated to the Lambert Company that it wished to rent another cableway for the same purposes and on the same terms, and the result was the shipment by the latter to the former, in September, of another cableway, under an accepted written proposal identical in terms with that relating to the cableway first shipped, except that it was dated August 15th,

1905, and the price named in the event of a purchase was $3,250. This cableway was left like the other, when work on the sewer was abandoned by the McGovern Company in November, and in all other respects the facts and legal conditions were similar to those above detailed with respect to the cableway first shipped, except that the constable held the second cableway under an attachment for a different creditor of the McGovern Company.

Each writ of replevin was issued more than four months after the cableway replevied had passed into the possession of the McGovern Company.

*Nathaniel R. Bronson* and *Terrence F. Carmody*, for the appellants (defendants).

*Edwin S. Hunt*, for the appellee (plaintiff).

BALDWIN, J. By General Statutes, §§ 4864, 4865, and Public Acts of 1905, p. 324, Chap. 113, all contracts for the conditional sale of personal property, other than household furniture, musical instruments, phonographs, and phonograph supplies, bicycles, or property exempt from attachment and execution, "shall be in writing, describing the property and all conditions of said sale, and shall be acknowledged before some competent authority and recorded within a reasonable time in the town clerk's office in the town where the vendee resides;" and all conditional sales of personal property not made in conformity to these provisions "shall be held to be absolute sales, except as between the vendor and vendee or their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee, in the same manner as any other property not exempted by law."

There is nothing in the facts specially found which militates against the conclusion of the Superior Court that the contracts on which the defendants rely in support of their attachments were contracts of bailment, and not contracts for a sale.

While the dress in which the parties to a conditional sale may clothe their agreement is not of controlling importance in determining the rights of creditors under our statutes, the insertion in a contract of bailment or lease of a provision giving an option of purchase at a fixed price, and making, in case of its exercise, payments previously made in the form of rent applicable to the purchase price, does not, as matter of law, turn the bailee or lessee into a conditional vendee. His character and position depend on the real intent and purpose of the contract.

The negotiations leading up to the contracts out of which this litigation has arisen may properly be considered in determining their intent and purpose, as between the parties to these actions. *Bartholomew* v. *Muzzy*, 61 Conn. 387, 392, 23 Atl. 604. The preliminary negotiations between the Lambert Company and the McGovern Company, in respect to each of the cableways, began with a request for a lease, and the naming by the former of a rent considerably higher than that finally inserted in the proposal. The indefiniteness of the term for which the cableways were turned over to the Lambert Company ; the fact that no rent was ever paid ; and all the other circumstances of each case, were to be and were considered by the trial judge in determining whether the original requests were mere pretences, to give a false look to the arrangement to be made. What it really was remained a question of fact, and is conclusively settled as such by the finding of the Superior Court. *Harris* v. *Coe*, 71 Conn. 157, 162, 41 Atl. 552; *Romeo* v. *Martucci*, 72 Conn. 504, 509, 77 Amer. St. Rep. 327, 45 Atl. 1, 99. The defendants are right in their contention that the contract imposed on the Lambert Company a duty to sell at the price named, should the McGovern Company conclude, within the specified period of four months, to purchase. But the option to buy, thus created, might well be a mere incident of a bailment for hire. The only duty which the McGovern Company assumed, aside from the proper care of the cableway, was to pay a monthly rent in advance for

not less than four months, and eventually to return it to New Jersey, if it should not be purchased.

These considerations dispose of all the reasons of appeal which merit discussion, and make it unnecessary to inquire whether, if there had been conditional sales of the cableways, our statute would have called for the record of the papers either in New Jersey, where the McGovern Company had its corporate seat, or in Waterbury, where it was working under its contract.

There is no error in either case.

· In this opinion the other judges concurred.