## In re FAULKNER.

### (District Court, D. Connecticut. October 6, 1910.)

### No. 2,313, in Bankruptcy.

BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—CONDITIONAL SALES.

Under Gen. St. Conn. 1902, §§ 4864, 4865, which require contracts of conditional sale to be executed and recorded, and provide that all sales not made in conformity with such requirement shall be held to be absolute sales, except as between vendor and vendee, as construed by the Supreme Court of Errors of the state, the purchaser, by a conditional sale contract not so executed and recorded, takes a title which he could have transferred, and under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), an absolute title passes to his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 199; Dec. Dig. § 140.*]

In the matter of Thomas D. Faulkner, bankrupt. On review of order of referee, denying petition of the American Slicing Machine Company for possession of a slicing machine. Affirmed.

The following is the opinion of George A. Kellogg, Referee:

The facts set forth in the foregoing petition, and admitted by counsel for the petitioner and by the attorney for the trustee, raise the question of the validity of the title of the petitioner (vendor) to a machine delivered to the bankrupt, some months prior to bankruptcy, under a conditional sale contract reserving title in the vendor until full payment of the price agreed upon.

Section 70a of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) vests in the trustee of the estate of a bankrupt, by operation of law, the title of the bankrupt, as of the date he was adjudged a bankrupt, to property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him. In bankruptcy, the construction and validity of a conditional sale contract must be determined by the local laws of the state. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ct. 306, 49 L. Ed. 577; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Bryant v. Swofford Bros. Co., 22 Am. Bankr. Rep. 116, 214 U. S. 279, 29 Sup. Ct. 614, 53 L. Ed. 997.

The contract in question was not executed and recorded as required by section 4864, General Statutes of Connecticut of 1902. Section 4865, General Statutes of Connecticut of 1902, provides that all conditional sales of personal property, not made in accordance with the provisions of section 4864, shall be held to be absolute sales, except as between the vendor and vendee, or their personal representatives, and that all such property shall be liable to be taken by attachment and execution for the debts of the vendee. As to the creditors of the bankrupt, therefore, under this statute, the sale was absolute, and at the time of the adjudication in bankruptcy the bankrupt, so far as his creditors were concerned, had absolute title to the machine. The trustee of the bankrupt, who under the decision of the Supreme Court of our state is more than a personal representative of the bankrupt (vendee), took absolute title to the machine in question, and properly sold it as an asset of the estate.

I am unable to find in any of the cases cited by counsel for the petitioner any reason that conflicts with the above conclusion. In no case cited do I find a local law like our Connecticut statute in the positive quality of the barrier that is raised to prevent the building up of credit upon false appearances. It is true, as stated in York Mfg. Co. v. Cassell that the "trustee takes no better title than the title of the bankrupt"; but by our Connecticut statute the bankrupt himself by operation of the statute had the absolute title to the machine demanded by the petitioner to the extent that he could have transferred it, or that it might have been levied upon by his creditors. In re Wilcox & Howe Company, 70 Conn. 221, 39 Atl. 163; In re Yukon Woollen Co. (In re Legg), 2 Am. Bankr. Rep., page 805, 96 Fed. 326; Security Warehousing Co. v. Hand, 206 U. S. 425, 27 Sup. Ct. 720, 51 L. E. 1117.

The petition is denied, with costs of the proceedings thereon taxed against the petitioner.

L. A. Howard, for petitioner.
F. H. Parker, for trustee.

PLATT, District Judge. The only question decided by the referee is stated by him as follows:

"Does the trustee of a bankrupt in the state of Connecticut take absolute title to property in possession of the bankrupt at the time of the adjudication, said property having been delivered to said bankrupt by the vendor thereof under a conditional sale agreement, which provided that the title should remain in the vendor until the price agreed upon should be fully paid, which contract was never executed and recorded as prescribed by the statutes of Connecticut?"

Let me add only a word to his memorandum, which succinctly states the reason for his decision. Connecticut was perhaps the first of the states in which it was made plain by law that a trader could not make a parade of property belonging to some one else in such a manner as to bolster up his credit and give him a rating in the business world to which he was not entitled. Gen. St. §§ 4864 and 4865, as construed by our highest court, are obviously finger marks pointing in that direction.

A petition asking for an adjudication in bankruptcy is, as I have recently had occasion to say, in its essential nature an equitable proceeding between the petitioner and his creditors. He states his misfortune, professes his honesty, presents his liabilities, offers up his property, and asks for a discharge from such portion of his debts as his property, equitably distributed, shall fail to pay. His creditors are

called together and select, if they can agree, the person who shall take the property offered up and administer upon it. The trustee takes such property as the bankrupt, before adjudication, could have transferred, or which his creditors might have taken in satisfaction of their debts. Section 70a (5), Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]). The slicing machine here in dispute plainly comes within that kind of property.

York Manufacturing Co. v. Cassell, etc., 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, at first blush brightens the petitioner's prospects; but upon closer examination it will be seen that the Ohio statute about conditional sales had not been interpreted by the Ohio court, and therefore the Supreme Court exercised its manifest right to decide the question of local law, and came to the conclusion that the condition would only be void as to such creditors as had "fastened upon the property" by specific liens prior to the filing of the conditional contract. "As to creditors who had no such lien, being general creditors only, the statute does not avoid the sale, which is good between the parties to the contract." Page 351 of 201 U. S., page 484 of 26 Sup. Ct. (50 L. Ed. 782).

Our Supreme Court has interpreted our local law in a manner which leaves no standing ground for the petitioner. In re Wilcox & Howe Co., 70 Conn. 220, 39 Atl. 163.

The decision of the referee is affirmed.