## In re O'CALLAGHAN.

### (District Court, D. Massachusetts. March 21, 1914.)

### No. 17346.

1. BANKRUPTCY ⬉140—CONDITIONAL SALE—TITLE AS AGAINST TRUSTEE IN BANKRUPTCY—WHAT LAW GOVERNS.

Where a seller in one state received a conditional order from a buyer in another state, and the seller delivered the goods under the order subject to approval of them by the buyer, title thereto, as between the seller and the trustee in bankruptcy of the buyer, is governed by the laws of the state of the buyer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬉140.]

2. BANKRUPTCY ⬉140—SALES TO BANKRUPT—CONDITIONS—WAIVER.

Where a seller in New York, shipping goods to a buyer in Massachusetts 21 days before the filing of a petition to have the buyer adjudged a bankrupt, under an agreement that the buyer would send a check if the goods proved satisfactory after examination, did not complain during the 21 days of the failure of the buyer to send a check, or take any steps during that time to reclaim the goods, the right of the seller to reclaim the goods under the agreement was waived, under the law of Massachusetts that failure of a seller to insist on the performance of a condition justifies a finding of waiver of the condition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬉140.]

3. SALES ⬉202—CONDITIONS—PAYMENT—WAIVER OF CONDITION.

Where goods were shipped from New York to a buyer in Boston, to be paid for as soon as received, if satisfactory, and for 21 days the seller took no steps to reclaim the property in default of payment, there was evidence supporting a finding that the seller waived the condition.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 542–551; Dec. Dig. ⬉202.]

In Bankruptcy. In the matter of Margaret G. O'Callaghan, bankrupt. Heard on certificate from the referee on an agreed statement of facts. Order affirmed.

Jesse W. Morton, of Boston, Mass., for petitioner.
Friedman & Atherton, of Boston, Mass., for trustee.

MORTON, District Judge. This case comes up on certificate from the referee and has been heard on the following agreed statement of facts:

"The petitioners are engaged in business in New York City under the firm name of Kramer & Weitzner, and were so engaged in May and June, 1911.

"In May, 1911, the petitioner received an order from the bankrupt for 16 fur coats, the price of which was $665.52. The petitioners did not fill this order, and on June 8, 1911, a buyer representing the bankrupt called on the petitioners and asked them to send the goods as ordered. The buyer said: 'We are running sales now, and if the goods are satisfactory we will send you a check as soon as we receive them.' The petitioners then shipped the goods, which were duly received and accepted by the bankrupt as satisfactory; and the whole or a part of the same are now in the possession of the receiver in this case. No check was sent, and no other payment made. It is further agreed that these are all the facts material to this petition."

[1] The questions as to the title of the property are to be decided according to the Massachusetts decisions. Bryant v. Swoffard Bros., 214 U. S. 279, 29 Sup. Ct. 614; 53 L. Ed. 997; In re Legg (D. C.) 96 Fed. 326.

[2, 3] Two points are presented:

(1) Was the sale a conditional one, i. e., did the petitioners part with the possession of the goods only uopn the condition that payment therefor should be made upon receipt of the goods if they proved satisfactory?

(2) If so, was the condition subsequently waived, so that title became vested in the bankrupt?

Under the view which I take of the case it is only necessary to consider the second of these questions. Under the decisions in Massachusetts, where goods have been sold on condition, and delivery has been made to the vendee, it is a question of fact as to whether or not the vendor has waived the condition. Mere negligence on the part of the vendor in asserting his rights is not, of itself, a waiver of the condition; but failure to insist upon the performance of the condition is evidence from which it can be found that the condition was waived. In Smith v. Dennie, 6 Pick. (Mass.) 262–265, 17 Am. Dec. 368, the sale was conditioned on the giving of a note at the time of delivery. A clerk of the vendor, not knowing the condition, made delivery without receiving the note. There was an attachment of the goods as the property of the vendee eight days after the delivery, up to which time there had been no demand by the vendor for the note. The court said:

"The principle is that if the vendor, who has sold upon condition, permits the vendee to take the goods without exacting of him a compliance with the terms of the sale, he shall be presumed to have abandoned the security he intended, and to trust to the personal security of the vendee; and whether such is the state of things or not is matter for the jury to settle upon the facts proved.

"The vendor certainly had a right the day after to insist upon his indorsed note or to rescind the bargain and reclaim the goods. If so, why not two days or three, and if so, the time which elapses is a mere fact, from which the jury may infer the intention."

And it was held:

"There was nothing in the case from which an intention to hold on upon the condition can be inferred."

In Farlow v. Ellis, 15 Gray (Mass.) 229, in which there had been a delivery without receiving the note agreed to be given, the court said (Shaw, C. J.):

"The question, then, on trial in this case was whether the plaintiff had waived the condition of this sale, and manifested by his language or conduct * * * a willingness to waive the condition and make the sale absolute, without having the satisfactory paper.

"Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for such waiver, he would have enjoyed. It may be proved by express declaration, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage, or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was his intention and purpose to waive. Still voluntary choice not to claim is of the essence of waiver, and not mere

negligence, though from such negligence unexplained such intention may be inferred.

"The question of waiver, therefore, is a question of fact for a jury."

In this case there is no question of waiver of the condition by the delivery, because the delivery was pursuant to the terms of the contract. The condition was to be performed after the delivery. A condition precedent to the delivery may be waived by delivery, but a thing done pursuant to one of the terms of a contract can hardly be said to be a waiver of another of such terms.

The goods were shipped by the petitioners from New York on June 8, 1911. The petition in bankruptcy was filed on June 29, 1911. Thus there was a lapse of 21 days during which the petitioners took no steps to see that the condition was complied with. The bankrupt was to have an opportunity to examine and approve the goods before making payment; but, considering that the shipment was only from New York to Boston, the petitioners must have known long before the bankruptcy that the bankrupt had not complied with the condition. They made no complaint, and took no steps to reclaim their property, until after the bankruptcy proceedings had been instituted. The arrangement out of which it is said the condition arose was loosely made, and does not indicate that the sellers originally had any strong and definite purpose not to part with the title except upon receipt of payment. Under such circumstances, a waiver is more easily inferred than in cases where the vendor plainly intended at the start to retain his ownership of the goods until he got his money. Conditions of this character ought to be promptly enforced, if they are to be relied upon. The conclusion seems to me to be irresistible that the condition, if one existed, was waived.

There is great doubt whether the sale was conditional, and whether the transaction amounted to anything more than an ordinary sale, made in reliance on the word of the buyer that the goods would be paid for on delivery and approval. The conduct on the part of the vendors which has been referred to as indicating a waiver of the alleged condition is equally consistent with the theory that the vendors did not suppose that they had any right to retake the goods by reason of the bankrupt's failure to send the check. But, as what has been decided is sufficient to dispose of the case, it is not necessary to pass upon this question.

The referee's order is affirmed.