In re JOHNSON.

(District Court, D. Connecticut. July 8, 1914.)

No. 2726.

BANKRUPTCY (§ 184*)—PREFERENCES—CONDITIONAL SALES—ACKNOWLEDG-
MENT—STATUTES—CONSTRUCTION.

Gen. St. Conn. 1902, §§ 4864, 4865, and Pub. Acts Conn. 1905, c. 113, provide that all conditional sale contracts shall be in writing and shall be acknowledged before some competent authority and recorded within a reasonable time in the town clerk's office in the town where the vendee resides, and all such sales not conforming to such provisions shall be held to be absolute sales except as between the vendee and vendor, and the property shall be liable to attachment and execution for the vendee's debts the same as any other property not exempt by law. *Held*, that such acts require acknowledgment of conditional sale contracts by the party or parties who executed the instrument; and hence acknowledgment by the vendor's agent, who had not signed the instrument, was insufficient to make a valid contract, available against the vendee's trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Walter R. Johnson. On petition of the Eastern Safe & Vault Company to

review a referee's decision denying its prayer for surrender of a safe sold to the bankrupt under a conditional sale contract, or its proceeds. Affirmed.

John Keogh and Nehemiah Candee, both of South Norwalk, Conn., for trustee.

Louis Goldschmidt, of Norwalk, Conn., for petitioner.

THOMAS, District Judge. The Eastern Safe & Vault Company has brought its petition for a review of the referee's decision, in which he denied its prayer that a certain safe forming the subject-matter of the controversy, or the proceeds of sale thereof, be delivered to the petitioner by the trustee of the bankrupt's estate. The safe was in possession of the bankrupt at the time of his adjudication in bankruptcy, and the trustee now claims it as part of the estate.

The facts disclosed by the record show that the bankrupt came into possession of the safe in the following manner:

On July 19, 1910, the bankrupt and his brother were engaged in business at New Canaan, Conn., under the firm name of W. R. Johnson & Co., and on that day a printed blank form, entitled "Memorandum of Order," supplied, and the blank form supposedly filled in by one Leo J. Carroll, a salesman for petitioner, was signed "W. R. Johnson & Co., per H. G. J." (evidently H. G. Johnson), addressed to the petitioner at New York City.

By the order the petitioner was requested to "send at once to W. R. Johnson & Co., Main street, New Canaan, Conn.," the safe in question, and by its terms W. R. Johnson & Co. were to pay the Eastern Safe & Vault Company $228 for the same, in eight installment payments, part in cash and the balance in notes drawing 6 per cent. interest. Some of the notes are still unpaid. The Eastern Safe & Vault Company was not, however, to relinquish its title to said safe, but was to remain the sole owner thereof until the whole of the purchase price was fully paid, together with interest on the notes.

It was also provided therein that in the event of the partnership's failure to make any of the cash payments required, or the note so given when the same became due, then the whole amount of the purchase price remaining unpaid should immediately, after the failure to make any of the required payments, become due, and the Eastern Safe & Vault Company might then, at its option, remove said safe without legal process. W. R. Johnson became successor to the firm of W. R. Johnson & Co.

At the extreme foot of said order, which was printed on a single sheet and has been sent up as part of the evidence, the name "Leo J. Carroll" is written opposite the printed word "Salesman" on the form, but there is nothing to show that his name (though upon the form) was intended for anything more than as indicating the salesman by or through whom the order was received. On the back of the order, however, there is a typewritten form of acknowledgment which, with the changes made therein with pen and ink, now reads as follows:

"State of New York, County of......ss.:

"Personally appeared W. R. Johnson & Co., signer and sealer of the foregoing instrument, to me personally known, and acknowledged the same to be his free act and deed.

"Witness my hand and seal of office this 15th day of September, 1910.

    "Jacob A. Mittnacht, Jr.,         Notary Public, Kings County.

                                        "[Signed] Leo J. Carroll."

There is attached to the back of the order a pink slip certificate of the clerk of the Supreme Court of New York, dated September 20, 1910, certifying that Mittnacht was a notary public of New York state, and duly authorized to take acknowledgments on September 15, 1910, etc.

While the whole of the contents on the face of the "Memorandum of Order" was recorded by the town clerk in volume 27, pp. 722–723, of the Public Records of New Canaan, on September 21, 1910, he did not record the said notary certificate on the back thereof, nor the said certificate of the clerk of the Supreme Court of New York attached thereto; and said Jones testified before the referee that neither the said notary certificate nor the certificate of the clerk of the Supreme Court of New York were on the said instrument when it was sent to or left with him for recording.

In view of the finding of the referee and of his refusal to honor the said prayer of the petitioner, the main question which the court is now called upon to decide is whether or not the conditional sale agreement of W. R. Johnson & Co., having been recorded before bankruptcy proceedings were commenced, was acknowledged in accordance with the law of Connecticut, for, if it was, the petitioner is entitled to possession of the safe as against the trustee of the bankrupt's estate, the trustee (by the amendment of 1910 [Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500)] to section 47a of the Bankruptcy Act [Act July 1, 1898, c. 541, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438)]) being subrogated to all the rights of attaching or lien creditors.

By the General Statutes of Connecticut, §§ 4864, 4865, and Public Acts of 1905, p. 324, c. 113, all contracts for the conditional sale of personal property, other than household furniture, musical instruments, phonographs and phonograph supplies, bicycles, or property exempt from attachment and execution, "shall be in writing, describing the property and all conditions of said sale, and shall be acknowledged before some competent authority and recorded within a reasonable time in the town clerk's office in the town where the vendee resides," and all conditional sales of personal property not made in conformity to these provisions "shall be held to be absolute sales, except as between the vendor and vendee, or their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law."

It will be noticed that, while the statute requires that the writing "shall be acknowledged before some competent authority," it does not say by whom the acknowledgment shall be made; but, if the court

will give the same interpretation to the requirements of this statute regarding the acknowledgment of conditional sale agreements as has been given by the Supreme Court of Connecticut to the statute concerning acknowledgments required in deeds of land, it must conclude that it was intended that the acknowledgment should be made by the party or parties who execute the instrument (Sanford v. Bulkley, 30 Conn. 344), and to reach such a conclusion seems the only logical solution of the main problem presented by the petition for review.

The statute should receive such a construction as will best carry out the evident purpose of its enactment, which was to prevent certain evils that had theretofore resulted to creditors and bona fide purchasers of the vendee, because of the existence, without sufficient notice to the world, of conditional sales like the one here in question.    In re Wilcox & Howe, 70 Conn. 220, 39 Atl. 163; National Cash Register Co. v. Woodbury, 70 Conn. 321, 39 Atl. 168; Lambert Hoisting Engine Co. v. Carmody, 79 Conn. 419, 65 Atl. 141.

When we scrutinize Notary Mittnacht's certificate, we find the conditional sale agreement acknowledged by "W. R. Johnson & Co., signer and sealer of the foregoing instrument," whereas the petitioner now claims that, as a matter of fact, neither of the Johnsons appeared before the notary, but that Carroll, its salesman, did, and that he is the person who made the acknowledgment and whose name should have appeared in the notary's certificate, instead of "W. R. Johnson & Co." But if the court were to assume the claim now made as true, and Carroll did in fact make the acknowledgment before the notary, and that the notary's certificate was on the instrument when it was left for record with the town clerk of New Canaan, still, in view of the requirements of the law as interpreted by the court, Carroll's acknowledgment would not be sufficient to satisfy the statute's provisions, and therefore the referee's decision must be upheld.    In re Faulkner (D. C.) 181 Fed. 981.

Several minor questions have been raised in the petition for review, but, in view of the conclusion herein expressed relative to the main question involved, it becomes unnecessary to now decide the minor points, and a judgment will accordingly be entered confirming the referee's decision.

Let an order to that effect be entered.