Bohmann *v.* Perrett.

LOUIS J. BOHMANN *vs.* W. A. PERRETT ET AL.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

In an action for damages, it appeared that the plaintiff was injured while riding a motorcycle which he had purchased by conditional sale less than five days before, from a firm of dealers who had in turn bought it from a previous owner about two weeks before the accident. The plaintiff had not procured registration of the motorcycle, and was driving it with only the number-plates of the first owner upon it. Under Chapter 233 of the Public Acts of 1919, in force at the time, an owner of a motor-vehicle which had not been legally registered could not recover for injuries received by reason of its operation upon any public highway; but for failure to carry proper number-plates the owner was liable to a penalty only, no disability to sue being prescribed. The Act further provided that duly-registered dealers in motor-vehicles need not register each vehicle acquired by them, but might hold the same in possession by a sort of blanket or general registration, and that a dealer might loan his number-plates to a purchaser for a period not exceeding five days. *Held* that under this Act the purchaser from a dealer enjoyed for five days the same privileges which enured to his vendor in the operation of the motor-vehicle; that the exercise of such privileges did not depend upon his securing or attempting to secure registration of the vehicle; and that, even though the plaintiff might have incurred a criminal penalty in failing to carry the number-plates of even his vendor, he was not debarred from recovery in this action.

A lease of a motor-vehicle with a provision giving the lessee an option to purchase at an agreed price and apply rental payments thereto, construed, and *held* to be in reality an instrument of conditional sale.

Whether registration of a motor-vehicle by a conditional vendor not in possession, is a legal registration, *quære.*

Argued May 9th—decided July 7th, 1922.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants in the operation of their jitney bus, brought to the Superior Court in Hartford County and tried to the jury before *Maltbie, J.;* verdict and judgment for the plaintiff for $6,250, and appeal by the defendants. *No error.*

The plaintiff was injured on October 20th, 1920, two days after he had purchased the motorcycle which he was riding at the time.

The third paragraph of the complaint, denied by defendants, alleged that plaintiff's "motorcycle was legally registered in accordance with the provisions of Chapter 233 of the Public Acts of 1919, and the plaintiff was a duly licensed motor-vehicle operator." Prior to giving the charge, the court asked counsel for both parties if they were not in agreement as to the facts material to this issue, and stated to them its understanding of them as they are contained in the charge hereinafter recited, and counsel agreed to that statement. Thereupon the court charged the jury as follows: "There is one issue in this case involved in the question of liability which I have not spoken of, because it presents itself, as it seems to me, as a question of law here, and it is only because I want to get it clearly upon the record that I do so now; we have a statute which, under certain circumstances, debars a recovery by the owner of a motor-vehicle whose car is not or has not been registered,—whose car has not been registered, even where he suffers injury by the negligent conduct of another. The circumstances governing the application of that rule, that law, in this case are not in dispute between the parties. I have gathered them together here, and have read them to counsel, and they are agreed that it is a fair statement of the testimony adduced here by the plaintiff: The

motorcycle upon which the plaintiff was riding at the time of the accident had been owned by one George Perkins, and had been duly registered by him on June 19th, 1920. About two weeks before the accident Perkins sold the motorcycle to the firm of Clark, Morse & Clark, who were duly registered dealers in motorcycles. On October 18th, 1920, Clark, Morse & Clark made a deal with the plaintiff, which is expressed in writing, and which has been read to you, and will be before you, known as Exhibit C, and the plaintiff then paid them eleven dollars; on the same day, that is October 18th, the plaintiff took possession of the car, and after that had full control over it; on the next day he bought certain accessories, which were placed on the car, amounting in price to about twenty-five (25) dollars. The plaintiff had not, up to the time of the accident registered the car, and it then bore the numbers assigned to it under the license issued to Mr. Perkins, which had never been changed since Perkins sold it to Clark, Morse & Clark. Now, I simply say to you, gentlemen, that upon those facts, this car was, or had been, registered by the owner within the purview of the statute, and that, therefore, this plaintiff is not debarred from a recovery under that statute. It is also alleged that he was a duly-licensed operator, and that is admitted, so that is not a question which need cause you any concern."

The defendants requested in writing the court to charge the jury as follows: "The plaintiff purchased a motorcycle on the 18th day of October, 1920, and was riding said machine on the highways of the State of Connecticut without having applied for, or obtained, registration of the same, contrary to the law of the State, and therefore is not entitled to recover in this action." This request the court declined to give.

Exhibit C, referred to in the charge of the court, is as follows:—

"355 Conn. Boulevard,
"East Hartford, Conn., Oct. 18/20.

"The undersigned hereby agrees to lease from Clark, Morse & Clark, one Motorcycle 1913 Indian 826,471 for a term of one month from the delivery thereof and to pay as rental therefor the sum of $55, in five weekly payments of $11 each.

"Undersigned further agrees to pay Clark, Morse & Clark, $11 as a deposit to partially secure fulfillment of this agreement on the part of the undersigned.

"When the above has been fully carried out by the undersigned and the sum of $55 paid Clark, Morse & Clark, as rental of above motorcycle, the said motorcycle becomes the property of the undersigned.

"Signed, Louis Bohmann, Oct. 18/20.
"Witness, K. G. Clark, Frank W. Besaw."

*A. Storrs Campbell,* for the appellants (defendants).

*Ralph O. Wells* and *John J. Burke,* for the appellee (plaintiff).

KEELER, J. The defendants assign error in the charge of the court, and in its refusal to charge as requested by them. They claim that the effect of the charge as given involved holding, as matter of law, either that the plaintiff was not the owner of the motorcycle, or that, if he was the owner, the vehicle was properly registered, even though in fact the plaintiff had not at the time of the accident actually procured registration in his own name, nor procured and affixed number-plates.

The defendants claim that the agreement, Exhibit C, in form a lease with privilege of purchase, is

in fact, as between the parties, a conditional sale of the vehicle. We deem this claim well founded. That the instrument was not acknowledged or recorded, only affected its validity as against a third party, who might treat it as an absolute sale; as between the parties thereto it was valid for its expressed purpose. General Statutes, § 4746. We held in the case of *Lambert Hoisting Engine Co.* v. *Carmody,* 79 Conn. 419, 65 Atl. 141, that a provision inserted in a lease giving an option to purchase at an agreed price and apply rental payments thereto, did not, as matter of law, necessarily make the contract one of conditional sale, but the construction of the instrument depended upon the real intent and purpose of the contract, to be gathered from circumstances surrounding the transaction. In the instant case we find the instrument, Exhibit C, strikingly similar in form to those in common use in effecting conditional sales of chattels. Its wording bears a marked resemblance to that passed upon in *Jester* v. *Naples,* 94 Conn. 567, 109 Atl. 894, and treated as a conditional bill of sale. This appears from the instrument as printed in the full record of the case cited. Looking at the circumstances surrounding the transaction in the present case as disclosed by the admitted facts of record, we find that on the day of sale the plaintiff took full possession and control of the vehicle, paid a deposit of $11 upon the total purchase price of $55, and on the following day purchased accessories of the value of $25, which were placed upon the motorcycle. In connection with these facts, it is also to be considered that the vendors, as dealers, were by law prohibited from renting a motor-vehicle for hire (Public Acts of 1919, Chap. 233, § 11b), of which fact they were doubtless aware. A contract of lease, pure and simple, would be obnoxious to the provision of law just referred to, while a contract of

conditional sale would not be. From the admitted facts as disclosed by the record, our conclusion must be that the plaintiff was a conditional vendee of the motor-cycle, in full possession, and entitled to register the same in his own name. *Stroud* v. *Water Commissioners*, 90 Conn. 412, 97 Atl. 336.

It would seem, in view of the general purpose of the motor-vehicle law as regards identification of vehicles in connection with their ownership, that registration by a conditional vendee in possession would more fully serve the design of the statute than registration continued in the name of the vendors. If, after such a contract as was made in this case, the vendors had, under the law, a right to retain registration of this vehicle under their general registration as dealers and by virtue of such interest or ownership as they retained, as to which we do not deem it necessary now to decide, then the contention of plaintiff that he was a licensed driver of a registered vehicle would be beyond cavil, for the disability to recover established by Chapter 233, § 44, of the Public Acts of 1919, applies only to an owner, and a person not an owner, if he is a licensed driver, can under such circumstances recover.

But we do not think that this question is fairly raised in the case, as a proper construction of the charge of the trial judge seems to rest the plaintiff's right to recover upon a registration made by the vendors which, at the time of the injury, still enured to the benefit of the plaintiff, and took the place for five days of actual registration in the latter's name; and this is the controlling point in the case which we have now to consider. It appears from the record that the vendors were duly-registered dealers in motor-vehicles, and as such, therefore, they were not obliged to register each vehicle acquired by them, but could hold the same in possession by virtue of the provision

of § 11(a) of Chapter 233 of the Public Acts of 1919 by a sort of blanket or general registration. The Act further provides that each vehicle so registered shall be regarded as registered under the distinguishing number or mark until sold; also (§ 11(c) ) that the dealer may loan to a purchaser his number-plates for a period not exceeding five days. Had the dealers, or any one of them, or one in their employ, driven the motorcycle for such purposes as the law allows, and been negligently injured by the act of any person, the fact that the number-plate had not been changed from that of a former owner to that of the dealers, would not have precluded a recovery. Not to carry proper markers while operating a car is a violation of § 13 of Chapter 233 of the Public Acts of 1919, and a penalty is provided for such violation; but § 44 of this last-cited Act does not prohibit a recovery for a violation of § 13; such a disability only arises from a violation of § § 8, 9, 10, 11 and 12 of the Act. There is nothing in the five sections last referred to which requires the carrying of number-plates; that requirement is made by § 13.

The plaintiff claims that a dealer's registration protects a purchaser for a period of five days from the date of purchase, although the purchaser has not in fact completed the registration of the vehicle purchased, and that by virtue of such protection the latter may operate the vehicle for such period as fully and freely as the dealer might have done and with the same rights and immunities; in short, that the dealer's registration still covers the vehicle. On the other hand, the defendants contend that the provision of the statute of 1919, § 11(c), permitting the dealer to loan his markers for five days to a purchaser, is only in aid of the latter when he has registered his motor-vehicle but has not yet received his number-plates, and that the dealer's plates may be then temporarily placed upon the

vehicle, and when so placed the latter may be legally operated for a period of five days. In *Kiely* v. *Ragali,* 93 Conn. 454, 106 Atl. 502, while the point is not specifically treated in the opinion, its doctrine necessarily involves the conclusion that the purchaser of a dealer's car, who is protected by the dealer's registration for a period of not more than five days after the purchase, is relieved from the obligation of carrying a certificate of registration. Any other construction of the statute as to the meaning of the five-day period than that claimed by the plaintiff, would seem to negative any real benefit to a purchaser from this provision. Its manifest intent is to give him some use of the motor-vehicle pending the receipt of his certificate of registration and of the number-plates assigned to him. As construed by the defendants, the privilege would appear to be a very barren one in most cases. It would probably afford him the comfort of having his vehicle delivered to his own garage with the dealer's number-plates attached, there to remain for three or four of the days out of the five following his purchase. It will be noted that by statute the period of such use is limited to five *successive* days from the date of purchase.

Passing to the final contention of the defendants, we find them claiming that even if the law permits a purchaser to operate a motor-vehicle for five days by virtue of the registration of his vendor, the privilege of so doing is only available when the purchaser carries the number-plates of the vendor, that is, that the placing of the markers upon the vehicle is a condition precedent to the exercise of the right of operation. Reading the Automobile Act as a whole and correlating its various provisions, we cannot regard this contention as valid. It seems clear that the right to operate, enuring to a vendee of a motor-vehicle upon the regis-

tration of his vendor, is a right to exercise for five days the same privileges which enured to the vendor under the law. If the latter operates a vehicle with improper number-plates affixed thereto, he is not an outlaw on the highway, and without redress for injury received from the negligent act of another. He is merely subject to the penalties provided in § 13 of the Act of 1919. Putting the matter in another way, we may take the case of a purchaser of a motor-vehicle who has in fact procured his certificate of registration, but who inadvertently displays number-plates not assigned to him upon the vehicle while operating the same. Clearly he is not debarred a recovery from one who injures him. We therefore conclude that the registration of the vendors was, in effect, for the period of five days from the purchase of the motorcycle by the plaintiff, the equivalent of a certificate of registration granted to him individually, and that he had a right of recovery in his action, and that there was nothing erroneous in the charge of the trial judge.

There is no error.

In this opinion the other judges concurred.