THE AMERICAN CLAY MACHINERY COMPANY *vs.* THE NEW ENGLAND BRICK COMPANY ET AL.

\* Third Judicial District, New Haven, June Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The receiver of a conditional vendee of goods is not his "personal representative," within the meaning of that expression in General Statutes, § 4865, concerning the sale of personal property on condition, and therefore an unacknowledged contract of such a sale, although recorded, will be held to be an absolute sale with respect to such receiver.

A contract of that character, although originally recorded, was again recorded after a belated acknowledgment of the contract had been made, but not until more than a year after the delivery of the property to the vendee, who had in the meantime assumed new obligations to other creditors than the vendor, nor until the latter was about to replevy the property. *Held* that under these circumstances the second recording of the contract—and the only record after the contract had been perfected—was not, as matter of law, made within the "reasonable time" required by § 4864.

A receiver's right to the possession of the debtor's property dates from his appointment as receiver and does not relate back to the commencement of the action in which he was appointed.

In the present case the conditional vendor of machinery sought to replevy it for a breach of condition, and the defendant vendee in its answer attacked the validity of the service of the writ, alleging that the officer did not remove nor segregate the property, and that the vendee itself was the owner and entitled to the possession of the property at the time of the pretended service. The plaintiff

---

\* Transferred from first judicial district.

vendor, in reply, denied these allegations, and further alleged that the replevin officer entered the premises of the vendee, took possession of the machinery in question, which could not be removed without great trouble and expense, and continuously thereafter, day and night, held possession of it by keepers appointed for that purpose, with the defendant's knowledge and consent. *Held* that under these averments the plaintiff might show that if the replevin writ was improperly served, as the defendant contended, the plaintiff, nevertheless, having title, might resume its possession of the property after condition broken, through the acts of the officer as its agent, pursuant to the terms of the original contract; and that if such resumption of possession was shown, the vendor's title would be good as against a receiver of the vendee thereafter appointed, and against any person who had not, by deed, attachment or other means, acquired some title to or lien upon the property.

The purpose of § 4865, in declaring that all conditional sales not made in conformity with the requirements of § 4864 should be deemed to be absolute sales except as between the parties and their personal representatives, is to protect persons who have acquired liens upon or interests in the property while in the vendee's possession, and not to give his creditors and others a perpetual right to secure liens upon it because of the vendee's temporary possession under an unrecorded contract of conditional sale. To contest the vendor's title to the property, one must have acquired some beneficial interest in it before the vendor regained its possession; and a receiver, who represents creditors, stands in no different position.

A demurrer should be addressed to each aspect of allegations which are fairly susceptible of a double interpretation, or of affording two distinct grounds upon which to rest the pleader's claim; otherwise it is insufficient, regardless of the correctness of its position as to the single aspect which it attacks.

To sustain such a demurrer is practically to deprive the pleader of his day in court with respect to a portion of his claim, and thus to withdraw from consideration a possible ground of recovery or defense.

Argued June 11th—decided July 25th, 1913.

ACTION of replevin for machinery sold to the defendant Brick Company on condition, brought to the Superior Court in Hartford County where a demurrer to the plaintiff's reply was sustained (*Holcomb, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *Error and new trial ordered.*

*E. Henry Hyde,* for the appellant (plaintiff).

*Samuel A. Herman* and *William H. Blodgett,* for the appellees (defendants).

THAYER, J.  It appears from the record that the plaintiff, who manufactures brick-making machinery, sold to the defendant in March, 1911, by a conditional contract, $26,000 worth of machinery, the title to which by the terms of the contract was not to pass until the machinery was fully paid for, and, if the payments were not made as agreed, the plaintiff at its option might enter upon the defendant's premises and take possession of and remove the machinery.  The delivery of the goods began in March and ended in August, 1911.  The contract of sale was in writing, but was not acknowledged, as the statute requires, before it was recorded.  It was recorded in Hartford, where the defendant resides, on July 17th, 1911.  A few days previous to the bringing of the action the plaintiff acknowledged the conditional contract and caused the same to be again recorded in the office of the town clerk of Hartford.  The defendant failed to fulfil the conditions of the contract, and on the 23d day of September, 1912, this action was brought.  The officer's return shows that on the same day he replevied to the plaintiff the machinery which is described in the writ, and on the following day served a copy of the writ and complaint, with his doings indorsed thereon, upon the defendant.  In an action begun on the 19th of September, 1912, a temporary receiver was appointed on the 30th of September; the appointment was confirmed on October 7th; and, later, on October 11th, 1912, the temporary receiver was made permanent receiver.  It thus appears that when this action was brought there was pending an action for the appointment of a receiver of the defend-

ant, but that no receiver had been appointed. On October 11th, the date of the appointment of the permanent receiver, a stipulation was entered into between him and the plaintiff, which was approved by the Superior Court, whereby the machinery here in question was surrendered to the receiver, without prejudice to the rights or claims of either party. These facts all appear as admitted facts in the pleadings.

The receiver, without being made a party to this action, appeared and filed an answer in the name of the defendant containing two defenses, the first of which was a general denial. The second defense was in substance that the conditional contract was not acknowledged; that after the goods were sold under it the defendant became indebted to creditors other than the plaintiff and had not sufficient cash assets with which to pay them, which was known to the plaintiff; that proceedings for the appointment of a receiver were pending when the suit was brought, and this was known to the plaintiff; that the receiver was appointed as above stated; that the plaintiff, before bringing the action, did not pay or tender to the defendant the amount which had been paid on account of the machinery; that the officer did not remove from the defendant's premises the goods claimed to be replevied or so segregate them from the other goods of the defendant that he could identify them; and that at the time of the pretended service of the replevin writ the defendant was the owner and entitled to the possession of the goods sought to be replevied.

The plaintiff in its reply, after admitting or denying each of the allegations of the second defense, added the five paragraphs which were demurred to. The eleventh, twelfth, and thirteenth allege that the officer serving the writ of replevin entered upon the premises of the defendant and took possession of the machinery de-

scribed in the writ and remained in possession of it until October 11th, 1912, by placing two keepers in possession of it on the defendant's premises with the latter's consent and knowledge, the keepers remaining continuously in possession, one during the day and the other during the night; that the machinery was heavy and could not be removed without great difficulty and expense, and that such removal would occupy from four to six weeks; that on the 11th of October, 1912, with the approval of the court, the stipulation and surrender above referred to were made for the purpose of avoiding expense and without prejudice to either party.    The fourteenth and fifteenth paragraphs set up the acknowledgment and re-recording of the conditional contract, and the amount of the balance due to the plaintiff from the defendant for the machinery.

The second defense was designed to raise the question whether, the title to the goods in question being in the plaintiff as against the defendant under the contract, it could, upon the facts alleged, enforce its title against the receiver as the representative of the defendant's creditors.    The receiver claimed that the plaintiff's title was not good as against him; that his title related back to the commencement of the action in which he was appointed and thus antedated the writ of replevin; and that, if it did not, the plaintiff did not get possession of the goods under its writ of replevin, and the defendant remained in possession of them until the appointment of the receiver was made, so that the latter's title to the machinery, by virtue of the statute, was in either case absolute.

General Statutes, § 4864, provides that conditional contracts of sale shall be acknowledged and recorded within a reasonable time in the town clerk's office, and § 4865 provides that such sales, not made in conformity to the provisions of § 4864, shall be held to be absolute,

except between the vendor and vendee or their personal representatives.

The contract in this case was not acknowledged when it was first recorded, and so was to be held an absolute sale, except as between the plaintiff and the defendant or their personal representatives; and the receiver was not such personal representative. *In re Wilcox & Howe Co.*, 70 Conn. 220, 234, 39 Atl. 163.

The acknowledgment and re-recording of the contract took place a few days only before the action of replevin was begun, more than a year after all the goods had been delivered and after the defendant had acquired new obligations to creditors other than the plaintiff. Under these circumstances, as matter of law, the second recording of the contract was not made within a reasonable time, as required by the statute. *Camp* v. *Thatcher Co.*, 75 Conn. 165, 169, 52 Atl. 953. The demurrer to the fourteenth paragraph of the reply, which set up the acknowledgment and re-recording of the contract, was properly sustained.

The receiver's right to the possession of the defendant's property dates from his appointment as receiver and not from the commencement of the action in which he was appointed. High on Receivers (4th Ed.) §§ 136, 138; *Baldwin* v. *Spear Bros.*, 79 Vt. 43, 50, 64 Atl. 235; *Van Alstyne* v. *Cook*, 25 N. Y. 489, 496; *Smith* v. *Sioux City Nursery & Seed Co.*, 109 Iowa, 51, 55, 79 N. W. 457, 458; *Illinois Steel Co.* v. *Putnam*, 68 Fed. Rep. 515, 517, 15 C. C. A. 556. If at the time of his appointment the defendant was the owner of the property in question and entitled to its immediate possession, as the second defense alleges, the receiver was entitled to its possession as soon as he was appointed. The plaintiff, by paragraphs of the reply which were not demurred to, denied these allegations and thus put in issue the facts there alleged. Having denied these,

and also the allegation that the officer who served the replevin writ did not segregate this property from the other property of the defendant, it was unnecessary for the plaintiff to set up, as it did in the paragraphs demurred to, the action of the officer in serving the writ and the reasons for such action, had its claim to the property been based solely upon the legality of the service of the writ. In such case it might in this action—defended in the name of the defendant—rely upon the officer's return that he duly served the writ by replevying the property to the plaintiff and leaving a copy of the writ with his doings indorsed thereon with the defendant. But the receiver was setting up his appointment subsequent to the date of the writ, and the plaintiff in reply might show that, if the replevin writ was improperly served, it took possession of the property, as its contract permitted it to do, after breach of the conditions of sale and prior to the receiver's appointment. If, having title under the terms of the contract, the plaintiff had by replevin or by itself or its agent resumed possession of the property, its title would be good against a receiver afterward appointed, and against any person who had not by deed, attachment, or other means, acquired some title or lien upon the property. High on Receivers, § 138, and cases there cited. The provision that conditional sales not made in accordance with General Statutes, § 4864, shall be deemed absolute sales, except as between vendor and vendee, estops the vendor from claiming title to the subject of such sale against a bona fide purchaser or attaching creditor, or others who have acquired some lien or other beneficial interest in the property through the vendee while the property was in his possession. The purpose is to thus protect persons who have acquired liens or interests in the property while in the vendee's possession, not to give his creditors and others a perpetual right to secure

liens upon it because of the temporary possession of the vendee under an unrecorded conditional contract of sale. A person, to contest the vendor's title to the property, must claim some beneficial interest in it, acquired before the vendor resumed possession of the property. A receiver, as representing creditors, stands in no different position.

The paragraphs demurred to showed facts upon which the plaintiff could fairly claim to have acquired possession of the property in question, after condition broken and before the receiver was appointed, by a taking on the writ of replevin, or (if the writ was improperly served) by the officer as its agent, and that, being so in possession of the property, it was, with the approval of the court and without prejudice, surrendered into the custody of the court in order that the court might determine the rights of the parties. The demurrer met only that aspect of these allegations which based the plaintiff's possession upon the validity of the service of the writ of replevin. The court held that the writ was improperly served, and sustained the demurrer on that ground. As the question of the plaintiff's possession did not depend alone upon the validity of the service of the writ, under the pleadings, the demurrer was insufficient, and, regardless of the correctness of the court's conclusions as to the validity of the service, should have been overruled.

After the demurrer was sustained, a motion was made for judgment on the demurrer, the plaintiff having failed to plead over. It does not appear from the record that any action was taken on this motion by the court. There were issues of fact still undetermined. The judgment-file shows that a hearing was had after the demurrer was sustained, and the issues found for the defendant. But by the rulings upon the demurrer and the construction there placed upon the plaintiff's

reply, it is apparent that it was deprived of a consideration of a portion of its claim as to the second defense, and, as this may have been harmful to it, a new trial must be granted.

There is error and a new trial is ordered.

In this opinion the other judges concurred.