## In re DUNLAP.

### Ex parte COOPER et al.
### No. 288.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

Joseph Weiner, of New Haven, Conn., for appellant.

Stephen F. Dunn, of New Haven, Conn., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

We do not find it necessary to determine whether as matter of fact the documents in question were leases or conditional contracts of sale, though we should have to be clearly convinced before reversing the order of the District Judge, who has carefully and thoroughly examined all the evidence. We decide the appeal on a question of law. Assuming that the leases were contracts of sale and had to be recorded to be valid, nevertheless the conditional seller, Cooper, took possession of the property on July 24th, eight days before the petition in bankruptcy was filed. The Supreme Court of Connecticut in American Clay Machinery Co. v. New England Brick Co., 87 Conn. 369, 87 A. 731, held that a conditional contract of sale was valid, when the seller had taken possession before the date of appointment of a receiver, who represented a creditor, and whose appointment was equivalent to an attachment. In that case, owing to the defective acknowledgment of the contract, it was invalid under the statute, though recorded, but the seller's possession before the attachment validated it notwithstanding. Possession or recording within four months of petition filed does not bring the case within section 60a or section 47a of the Bankruptcy Act, 11 USCA §§ 96(a), 75(a), and make it a preference. Bailey v. Baker Ice Mach. Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275.

It makes no difference whether Cooper, the appellee, or the Paterson Company, was in fact the seller. If the second, Cooper was at least acting as agent of an undisclosed principal, and he could sue in his own name. Indeed, as these were sealed instruments, it is doubtful whether the Paterson Company could have sued in any case, though on this we need not pass.

Order affirmed.