COMMERCIAL CREDIT CORPORATION *vs.* HERBERT A. CARLSON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 5th—decided March 15th, 1932.

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellant (plaintiff).

*Stephen F. Dunn,* for the appellee (defendant Carlson).

BANKS, J.   The Packard Sales and Service, Incorporated, sold a Packard automobile to the defendant McGrath under a conditional sales contract providing that the title to the car should remain in the seller until the purchase price was fully paid.   McGrath became in default in the payment of the purchase price, and the defendant Carlson, a deputy sheriff, attached the car as the property of McGrath in an action brought against him by one Montis.   The plaintiff, which succeeded to the rights of the Packard Company under the contract, replevied the car from Carlson. Our statutes provide that conditional sale contracts shall be in writing, acknowledged before some competent authority, and filed in the town clerk's office in the town where the vendee resides, and that conditional sales not made in conformity with those provisions shall be held to be absolute sales except as between the vendor and vendee and their personal representatives.   General Statutes, §§ 4697, 4699.

The contract was executed by the vendor, by W. C. Hayes, as treasurer, and the vendee, but the only acknowledgment was that of W. C. Hayes.   The acknowledgment reads as follows: "On Aug. 9, 1930, personally appeared before me W. C. Hayes, to me known to be the individual described in and who executed the conditional sale contract on the reverse side

hereof, and severally acknowledged that he signed and sealed the same as his/their free and voluntary act and deed, for the uses and purposes therein mentioned." The court held that this did not meet the requirements of the statute for two reasons: First, that there was no acknowledgment by the vendee, McGrath, and second, that the acknowledgment of Hayes, individually, was not an acknowledgment of the vendor corporation.

The purpose of our statute requiring conditional sale contracts to be in writing, acknowledged and recorded, is to protect those who, from the fact of possession and apparent ownership by the vendee, may be led to believe him to be the actual owner of property held by him under such contract, and the recording of the instrument is constructive notice to all the world of its contents, and therefore of the facts as to the true ownership of the property in the possession of the conditional vendee. *National Cash Register Co.* v. *Lesko,* 77 Conn. 276, 280, 58 Atl. 596; *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390, 394, 128 Atl. 514. The statute does not prescribe the particular form of the instrument by which conditional sales must be made. They may be made by instruments signed by the vendor alone, by those signed by both vendor and vendee, or by those signed by the vendee alone. *National Cash Register Co.* v. *Lesko, supra,* p. 278. In the *Lesko* case we held that such an instrument in the form of an order signed by the conditional vendee alone, acknowledged by him and recorded, complied with all the requirements of the statute. Here the instrument takes the form of an agreement executed by both parties but acknowledged by one only. It is the contention of the defendant that the acknowledgment required by the statute is the acknowledgment of the party or parties who exe-

cuted the instrument, and that since this instrument was executed by both the vendor and vendee the acknowledgment of both is required. An acknowledgment is the formal declaration, before an authorized official, by the person who executed an instrument, that it is his free act and deed. It serves to authenticate the instrument by furnishing formal proof, through the action of the public official taking the acknowledgment, that the instrument was actually executed by the person whose signature appears upon it. It identifies the person who is to be bound by the instrument he has signed. It necessarily follows that when an acknowledgment is necessary to the validity of an instrument it is the acknowledgment of the party or parties executing the instrument and to be bound by it which is required. *Hayden* v. *Westcott,* 11 Conn. 129; *Sanford* v. *Bulkley,* 30 Conn. 344. This conditional sale contract was executed by the vendee, and the statute provides that it be acknowledged and filed in the town clerk's office in the town where the vendee resides. This requires an acknowledgment by him to authenticate the instrument as his act and deed. *In re Johnson,* 215 Fed. 666, 669. In the absence of such acknowledgment, the recording of the contract was not constructive notice to the defendant of the true state of the title to the automobile.

The statute likewise required an acknowledgment by the Packard Sales and Service, Incorporated, the conditional vendor, of its execution of the contract. The contract was executed on behalf of the vendor by "W. C. Hayes, Treas.," and the certificate of acknowledgment recites that W. C. Hayes appeared and acknowledged that he signed it "as his/their free and voluntary act and deed." The certificate does not state that Hayes appeared as treasurer of the vendor corporation, or acknowledged the execution of the con-

tract as treasurer, or on behalf of the corporation, or as its free act and deed. No statutory form of corporate acknowledgment is prescribed in this State. It is not requisite that the certificate should state in so many words that the execution of the instrument is the free act and deed of the individual who executed it on behalf of the corporation, and the free act and deed of the corporation, though that is the usual and better form. It is essential that it appear from the certificate, when read in connection with the instrument acknowledged, that the acknowledgment is made on behalf of the corporation and therefore is its acknowledgment, and not merely that of the individual who executed the instrument. When no special form is prescribed by statute, a certificate is sufficient which identifies the subscriber, specifies the writing subscribed, states the capacity in which he executed it and certifies his acknowledgment thereof. 1 Corpus Juris, p. 850. When the certificate states the capacity in which the subscriber executed the instrument, and that he acknowledged its execution to be his free act and deed, it sufficiently appears that it was his free act and deed in that capacity, and therefore the free act and deed of the corporation for which he was acting. In the absence of such indication that the acknowledgment is made for the corporation, it is merely the acknowledgment of an individual who was not a party to the contract, and is insufficient to satisfy the statutory requirement.

A collection of the cases dealing with the question of corporate acknowledgments will be found in annotations in 29 A. L. R. 919, 989, and 72 A. L. R. 1290. In these cases almost without exception acknowledgments of corporate execution of documents have been held sufficient only when the certificate of acknowledgment stated the capacity in which the signer of the

instrument executed it, and it appeared that its execution was acknowledged by him acting in that capacity. We have found no well considered authority holding that the acknowledgment of an individual was that of the corporation executing the instrument when the certificate did not disclose that, in making the acknowledgment, he was acting as an officer or authorized agent of the corporation, and not in his individual capacity.

The technical requirement of the statute that a conditional sale contract be acknowledged as well as recorded, is only met by a certificate that it was acknowledged by or on behalf of the parties who executed it. In the absence of such certificate of acknowledgment, the sale must necessarily be held to be an absolute one except as between the vendor and vendee and their personal representatives.

There is no error.

In this opinion the other judges concurred.