Hubbard & Hall, of Bridgeport, Conn., for trustee.

D. H. Cotter, of Bridgeport, Conn., for vendors.

### In re R & B CONST. CO., Inc.
### No. 14415.

District Court, D. Connecticut.

Jan. 8, 1934.

HINCKS, District Judge.

The bankrupt herein, upon its adjudication and long prior thereto, was in possession of two power shovels and one road roller, to which the Osgood Company and the Hercules Company (by assignment from the Frank Manning Equipment Company) claim title by virtue of contracts of conditional sale. The receiver, and later the trustee, petitioned for permission to sell these items free from lien; and the conditional vendors filed petitions in reclamation. The referee ordered that the petitions in reclamation be allowed and that the petition of the trustee to sell free from lien be dismissed. The trustee, by petition now before me, seeks a review of this order.

The referee's certificate discloses the following facts: That a Connecticut partnership known as R & B, General Contractors, on August 1, 1930, duly signed a paper addressed to the Osgood Company, stating as follows: "Please sell subject to delays from fire, strikes, accidents or other causes beyond your control, * * * 2 Osgood power shovels to the undersigned purchaser, in consideration whereof 'the purchaser agrees to pay you for the said machine and machinery as is and where is Eighteen thousand sixty-two and 94/100 Dollars ($18,062.94), as follows: Cash with order $1212.94 Allowed on trade $6850.00 Balance $10,000.00 payable in' installments ranging over thirteen months. Title to the property 'shall not vest in the purchaser until all notes, renewals thereof,

\* \* \* are paid in full. In case purchaser refuses or neglects to accept property at destination or otherwise, is or becomes insolvent, a bankrupt (voluntary or involuntary), makes or attempts any transfer, sale, conveyance or other disposition hereof or of said property or any part thereof; \* \* \* or if any default or breach be made hereunder by purchaser; all sums then owing shall forthwith become due and payable \* \* \* and you may retake all said property,' resell the same, etc. 'You reserve the right to make, without notice, such changes in the design and construction of your machinery as will in your judgment improve it. \* \* \* This order covers all agreements concerning this transaction between the parties and is not subject to modification, cancellation or assignment excepting with your written consent, but upon written acceptance by you signed by your President or Secretary, shall become a binding contract.'" Below the signature of the purchaser was written, "Accepted at Marion, Ohio, U. S. A. August 9, 1930, The Osgood Company, by M. McNeil, Secy."

The document shows that it was duly acknowledged by the partnership purchaser on August 4, 1930. It was not, however, acknowledged by the Osgood Company.

On August 9, 1930, both the Osgood Company and the partnership signed a conditional bill of sale, referring to and incorporating the "order contract dated August 1, 1930," described above. This bill of sale recites as additional consideration the mutual agreement that when the purchase price shall have been fully paid, the two power shovels "shall become the property of said conditional vendee and he shall be entitled to a bill of sale for the same on demand, and that until said sum shall have been fully paid as above stated the title to said personal property shall remain in said conditional vendor, and that if said conditional vendee shall fail to make any of the payments as above stated, or shall remove any of said property out of the City of Bridgeport or sell or put the same out of his possession under an attempt to sell the same, or any of said property shall be permanently removed out of his possession in any way, the said conditional vendor, his representatives or assigns, may, at their election, without notice, take possession of all said property. \* \* \*"

The conditional bill of sale was dated at Marion, Ohio, August 9, 1930. It was signed by both parties, and the signature of the partnership vendee was acknowledged under date of August 4, 1930, and, without acknowledgment by the conditional vendor, was recorded in the town clerk's office at Bridgeport, on August 13, 1930.

On September 30, 1931, the partnership of R & B, General Contractors, signed a paper addressed to Frank Manning Equipment Company, saying, "Please enter for the undersigned (user) an order for \* \* \* one complete Hercules road roller \* \* \* Total price, $4800," payable $300 in cash, and the balance in notes. The remainder of this document, in so far as material for present purposes, follows the wording of the Osgood order set forth above, except that the wording of its final paragraph is as follows: "This order contract \* \* \* is not subject to modification, cancellation or assignment without your written request." Unlike the Osgood contract, it did not specifically provide that it should become a binding contract upon the written acceptance of the vendor. Below the signature of the user, "R & B, General Contractors," is written, "Approved by Frank Manning Equipment Company, by Frank D. Manning, President." The signature of the partnership vendee was acknowledged on October 26, 1931, but the paper contained no acknowledgment of the signature of the vendor approving the order. The paper was recorded in the town clerk's office at Bridgeport on October 31, 1931. On October 17, 1932, or thereabouts, the vendor's interest in the contract was assigned to the Hercules Company by indorsement thereon.

On January 22, 1932, the corporation, R & B Construction Company, Inc., was organized, and to this corporation, which is the bankrupt herein, the partnership transferred all its assets, including its interest in the equipment described above, in return for its capital stock. The corporation thus formed assumed all the debts of the partnership, and continued to carry on its business to all outward appearances as it had theretofore been conducted.

The power shovels and road roller were delivered to the partnership, after the contracts relating thereto, as described above, had been recorded as above stated. They remained in the possession of the partnership until the organization of the bankrupt corporation when they were transferred together with the other partnership assets to the corporation, but without the consent or knowledge of the respective vendors. Thereafter they remained in the possession of the bankrupt until its adjudication on August 8, 1933. At that time the payments due on the said contracts were substantially in arrears; the

balance due exceeding the then value of the property.

The trustee has questioned the finding of the referee that the vendors were without notice or knowledge of the transfer of the property from the partnership to the corporation. This finding, however, has support in the evidence, and will not be disturbed. However, in the view I take of the matter, this finding is of no consequence.

The General Statutes of Connecticut provide, with respect to conditional contracts of sale, as follows:

"Sec. 4697. *Conditional sales to be recorded.* Except as otherwise provided in this chapter, all contracts for the sale of personal property, conditioned that the.title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides; but the provisions of this section shall not apply to household furniture, musical instruments, phonographs, phonograph supplies, radios, bicycles or property exempt from attachment and execution. * * *

"Sec. 4699. *When sales held to be absolute.* All conditional sales of personal property not made in conformity with the provisions of section 4697, and all conditional sales of personal property which, at the time of such sale or thereafter, shall be so attached to any real estate as to appear to be a fixture, or to form a part of such real estate, shall be held to be absolute sales except as between the vendor and the vendee and their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution."

It is well established that the trustee or receiver of a conditional vendee is not his "personal representative" within the meaning of section 4699. American Clay Machinery Co. v. N. E. Brick Co., 87 Conn. 369, 87 A. 731; In re Guild, Bloomfield & Jensen (D. C.) 51 F.(2d) 818; In re Sunshine Steam Laundry (D. C.) 47 F.(2d) 914. In Liquid Carbonic Co. v. Black, 102 Conn. 390, 128 A. 514, it was held that the vendee of such a vendee is not a personal representative. A fortiori, the trustee in bankruptcy of the vendee's vendee is not a personal representative. As to him, the sale now in question was absolute unless evidenced by a writing which complied with the requirements of section 4697.

The petitioners in reclamation contend that under the authority of National Cash Register Co. v. Lesko, 77 Conn. 276, 58 A. 967, the writings described above did satisfy the statute. For in the Lesko Case, it was held that a written instrument in the form of an order describing the property and the conditions of sale, signed by the vendee alone and by him duly acknowledged, satisfied the statutory requirement that the contract "shall be in writing" and "shall be acknowledged." And the Lesko Case has never been overruled, but on the contrary has been lately cited with approval in Commercial Credit Corp. v. Carlson, 114 Conn. 514, 159 A. 352. And so these petitioners urge that since the written instruments here involved would have fully satisfied the statute without their signatures, the addition of their signatures to signify their acceptance or approval of the written orders must be treated as surplusage, and absence of an acknowledgment of their signatures is wholly without consequence.

But the trustee, on the other hand, invokes the authority of the Carlson Case, just above cited. There the trial court had held that a writing signed by both vendor and vendee failed to comply with the statute because (1) there was no acknowledgment whatever of the vendee's signature, and (2) the only acknowledgment of the vendor's signature was defective. The appellate court said: "Here the instrument takes the form of an agreement executed by both parties, but acknowledged by one only," i. e., the conditional vendor. Page 516 of 114 Conn., 159 A. 352, 354. (This language clearly has reference to the facts of the Carlson Case, not to the Lesko Case, as the vendors herein claim on their brief.) And the court held (1) that the recording of such a contract "was not constructive notice * * * of the true state of the title." And it further held (2) that "the statute likewise required an acknowledgment by the * * * conditional vendor of its execution of the contract." Page 517 of 114 Conn., 159 A. 352, 354. The case thus squarely holds that to comply with the statute agreements executed by both vendor and vendee must be acknowledged by both.

To avoid the effect of this decision the vendors here stress the fact that the written instruments upon which they rely were in the form of orders, as in the Lesko Case. That is true, but it is equally true that when these "orders," previously executed by the vendee, were thereafter executed either as "accepted"

or "approved" by the vendors, they thereupon took on "the form of an agreement executed by both parties" and necessarily fall within the doctrine of the Carlson Case. They then evidenced a contract binding on both parties.

It is urged that the recording of the agreements here gave purchasers and creditors of the conditional vendee just as much knowledge of the true state of title as was given in the Lesko Case; that certainly no such creditor or purchaser could have been injured by the fact that the vendors' signatures appeared unnecessarily on the recorded instruments. This contention can be answered, I think, only as the Supreme Court of the state has answered it in the Carlson Case: "The technical requirement of the statute that a conditional sale contract be acknowledged as well as recorded is only met by a certificate that it was acknowledged by or on behalf of the parties who executed it."

In other words, vendors seeking to reserve title without possession must at their peril see that the technicalities of the statute are satisfied. And I must, of course, apply the law as declared by the highest court of the state.

It appears from the briefs that the vendors' acknowledgments on the contracts were added after their original recordation, and that amended by this addition they were again recorded. The referee has made no finding in this regard. Consequently, if the vendors, notwithstanding the foregoing rulings, wish to base a claim upon the second recording of the contracts, they must apply to the referee to enlarge his findings in this respect.

On the record, as it is, the order of the referee must be reversed.