## AIR EQUIPMENT CORPORATION v. RUBBERCRAFT CORPORATION.

## UNION SPECIAL MACHINE CO. v. COOPER.

### No. 6.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1935.

**522**

Goldstein & Bracken, of New Haven, Conn., for appellant.

James W. Cooper, of New Haven, Conn., pro se.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree dismissing the petition of a conditional seller, filed in a sequestration suit. to reclaim the goods sold from the receiver. The seller's right is based upon an agreement between itself and the buyer, the insolvent company, for the "lease" of a sewing machine upon payment of $757.50; the record does not describe the machine further, and we do not know what was its prospective life. The seller professed to "let" the machine for $750 (with interest of $7.50); the buyer agreed to pay "as rent and compensation" for its use $257.50 on delivery and $100 a month for the five following months. If the "lessee" defaulted in any of its payments or pledged or removed the property, or became bankrupt or insolvent, and in various other contingencies, it was to return the property to the "lessor," which was authorized to enter the premises and retake it. The "lessee" was to keep it insured and might at any time "during the rental term * * * purchase the said property by paying to the company the above valuation therefor, in which event the rents theretofore paid, shall be deducted from the purchase price." The agreement was not to "constitute a sale of the property hereinabove described and no agreement of sale shall be implied herefrom."

The machine was delivered on July 5th. The "lease" was signed on the 14th; the seller's salesman in New Haven forwarded it to the seller's office. On the 19th it was mailed to the town clerk of New Haven to be filed. On the 22d the clerk returned it to the seller because it was not acknowledged, and after acknowledging it the seller sent it back to the salesman in New Haven on the 25th. He got the buyer's acknowledgment on August 4th, and filed it on the 8th. The seller asserted, first, that the agreement was in fact a lease and need not have been filed; and, second, that it was filed in season. The judge found that the transaction was a conditional sale and that the agreement was not filed in season. Following his former ruling in Re Guild, Bloomfield & Jensen (D. C.) 51 F.(2d) 818, he thought it relevant whether all creditors had become such after filing, but as he placed the burden of proof on this issue upon the seller, he dismissed the petition.

If the transaction was a sale, the decisions of the courts of Connecticut as to the meaning of the local conditional sales

statute control; whether they should also be authoritative as to its character as sale or lease we need not say, for they do not differ from the "general law" in this regard. The attempted disguise of the transaction as a lease is so transparent as to deceive nobody and deserves little discussion. While, as we have said, the length of life of the sewing machine does not appear, we are entitled to assume merely because it was a sewing machine that it would last longer than six months; the circumstance then becomes important that the sum of the supposed "rents" was the same as the purchase price. "Rents" of such an article, which will be accepted as full payment for title, cannot really be intended as a return for its temporary use. This conclusion is confirmed by the initial payment of one-third of the whole price, with one per cent. interest on the whole sum—an unheard of provision in a real lease. The Connecticut decisions give short shrift to the contention that such transactions are not sales. In re Wilcox & Howe Co., 70 Conn. 220, 39 A. 163; Craig & Co. v. Uncas Paperboard Co., 104 Conn. 559, 133 A. 673. Lambert Hoisting Engine Co. v. Carmody, 79 Conn. 419, 65 A. 141, was entirely different; the sum of the rentals did not make up the purchase price; if the lessee chose to buy during the term, it had to pay several times their amount. Finally that stipulation was a nullity which declared that the agreement shall not be treated as a sale. The purpose of the statute being to protect the buyer's creditors, no court will pay the slightest attention to such efforts to circumvent it.

■ The next question is whether the bill of sale was filed too late. The statute, section 4697 of the Revision of 1930, says that it shall be filed "within a reasonable time," and though the period probably begins at the delivery of the goods into the buyer's possession (National Cash Register Co. v. Lesko, 77 Conn. 276, 281, 58 A. 967), the Supreme Court of Connecticut has never held fatal a delay of less than two months. Camp v. Thatcher Co., 75 Conn. 165, 52 A. 953. But it does not seem to us that the question is to be decided merely by the time elapsed, regardless of excuse; had that been intended, the period would have been measured in days or months. In the case at bar the seller was guilty of a series of unexplained delays which, cumulatively at least, were "unreasonable." The machine was delivered in the first place nine days before the agreement was even signed. After a further delay of five days it was sent to the town clerk to be filed, but without the necessary acknowledgments. The clerk sent it back within three days, and the seller then acknowledged it seasonably and sent it back to the salesman in New Haven, who held it for eleven days before getting the buyer's acknowledgment and for four days more before he filed it. We can see no excuse for the greater part of this delay and in sum it appears to us "unreasonable."

■ The question raised by the judge is open to debate. Was it necessary to show that some creditors became such in the interval between delivery and filing; and if so, on whom does the duty rest to meet the issue? We decided in Re Sunshine Laundry Co., 47 F.(2d) 917, that the sale was invalid when there was no creditor antedating the actual filing date, although we had held otherwise under the New York chattel mortgage act. In re Myers (C. C. A.) 24 F.(2d) 349. We did this because of the decisions of the Connecticut courts. In American Clay Machinery Co. v. New England Brick Co., 87 Conn. 369, at page 374, 87 A. 731, it was said that acknowledgment was a condition on the validity of the sale, even though the instrument was recorded; but the statement was plainly obiter and we do not press it now. But in Craig & Co. v. Uncas Paperboard Co., supra, 104 Conn. 559, 133 A. 673, the point was discussed and decided. The goods were in three parcels, sold by separate bills of sale, called "leases," as here. One was executed on March 5th and recorded on March 24th; the next was executed on March 28th and recorded on May 17th; the last was executed on August 25th and recorded on September 3d. None were acknowledged, but certainly the last and perhaps the first were seasonably recorded. At any rate, the court did not distinguish between them, but held all of them invalid because they had not been acknowledged, declaring that when the statute made all sales absolute unless the prescribed conditions had been fulfilled, there was no latitude for interpretation. The situation was distinguishable, they thought, from cases where a creditor had actual notice when concededly the seller would prevail. Liquid Carbonic Co. v. Black, 102 Conn. 390, 128 A. 514. It is of course true that the evil aimed at is the false credit gained by the buyer's ostensible ownership, and the rem-

edy provided is no more than the opportunity for information which filing gives. Logically it is hard to see why a creditor is not as likely to come upon an unacknowledged instrument on file, as upon an acknowledged one. But the situation is apparently treated less realistically, perhaps because creditors do not usually look at the records anyway, and because the notice imputed to them is a fiction. If the seller wishes to prevail after giving the buyer a delusive credit, he is held to a strict conformity with all the requirements, even though they do not in fact help to give notice to the creditors. We have only to follow the law as we find it, and it appears to us that there is no difference between a bill of sale seasonably filed but not acknowledged, and one acknowledged but unseasonably filed, so far as concerns creditors who sell or lend after filing. These were our reasons in Re Sunshine Laundry Co., supra, 47 F.(2d) 917; to them we shall adhere until the Connecticut courts advise us that we have misapprehended their meaning. It therefore becomes unnecessary to discuss the burden of proof.

Order affirmed.