The Colonial Acceptance Corporation *vs.* Edward Messick.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued November 7th—decided December 3d, 1935.

*Edwin M. Ryan,* for the appellant (plaintiff).

*Thomas C. Flood,* with whom, on the brief, was *John F. Gorsuch,* for the appellee (defendant).

AVERY, J. This is an action to replevy an automobile, brought by the plaintiff against the defendant, a constable of the town of Middletown, who had attached it as the property of Benjamin Langer in a suit brought against Langer and his wife by Harris Goldberg. The case was tried to the court and judgment rendered for the defendant, from which the plaintiff has appealed.

The essential facts are as follows: The plaintiff is engaged in the automobile finance business. On August 2d, 1934, Benjamin Langer purchased a Dodge sedan from Peter Monaco. The purchase prise was $866, payable $416 in cash and by allowance on an old car, and $464.50 by Langer's promissory note, payable November 2d, 1934. The note included a finance charge of $14.50. A conditional bill of sale was executed by the parties, which contained all the terms of the transaction including a provision that upon maturity of the note it was to be renewed, and the car was thereupon delivered to Langer. Monaco offered to sell the contract to the plaintiff who refused to purchase it because of the renewal provision. Some negotiations followed

and, on August 28th, 1934, Langer executed a new conditional sale contract, dated August 2d, 1934, setting forth the same terms contained in the original instrument, but omitting the renewal provision. The first contract was never recorded, but the second was placed on record in the town clerk's office in Middletown on September 5th, 1934, within a reasonable time after its execution. On the day when the second contract was executed, it was brought to the office of the plaintiff at Hartford and assigned to it by Monaco. The attachment was made by the defendant on November 3d, 1934, by virtue of a writ dated October 31st, 1934. The claim upon which the action of Goldberg was predicated accrued on or before July 6th, 1931. Langer failed to pay the plaintiff the amount due on November 2d, 1934, and was in default; and thereupon the plaintiff brought replevin to recover the automobile which had been attached by the defendant in the Goldberg action.

The trial court decided in favor of the defendant on the ground that the automobile had been delivered by Monaco to Langer on August 2d, 1934, under the first conditional sale contract, which was not recorded; and that the second, executed on August 28th, 1934, was ineffective because possession had already been delivered to the vendee; and, therefore, the attachment made in the Goldberg suit took precedence over the rights of the plaintiff under the second conditional bill of sale. Before the passage of the statute requiring conditional sales to be executed and recorded in conformity with its terms (now appearing as General Statutes, Chapter 233) such contracts, under our common law were not required to be recorded. "The possession and apparent ownership of the vendee under such a sale led creditors and purchasers to believe it to be an actual ownership, and this statute was enacted

'to protect creditors and purchasers from the evils which had before resulted from the existence of lawful and valid conditional sales, but of which the public had no notice.'" *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390, 394, 128 Atl. 514. "The provision that conditional sales not made in accordance with the provisions of the [statute] shall be deemed absolute sales, except as between vendor and vendee, estops the vendor from claiming title to the subject of such sale against a bona fide purchaser or attaching creditor, or others who have acquired some lien or other beneficial interest in the property through the vendee while the property was in his possession. The purpose is thus to protect persons who have acquired liens or interests in the property while in the vendee's possession, not to give his creditors and others a perpetual right to secure liens upon it because of the temporary possession of the vendee under an unrecorded conditional contract of sale." *American Clay Machinery Co.* v. *New England Brick Co.,* 87 Conn. 369, 375, 87 Atl. 731; *Jester* v. *Naples,* 94 Conn. 567, 571, 109 Atl. 894.

In the instant case, the claim of Goldberg accrued long before the first conditional sales contract was made. In order to enable the vendor to refinance the proposition, the parties agreed upon a change in the contract omitting the provision therein for renewal, and the new conditional sales contract was executed and recorded. The attachment in the Goldberg suit was not placed upon the automobile until more than a month after the second contract had been recorded. It is thus evident that Goldberg had obtained no lien upon the automobile by attachment before the recording of the second conditional sales contract, nor had he extended credit in reliance upon the property being in the possession of the vendee. The reasonable time within which, under the statute, a contract of condi-

tional sale must be recorded runs from the making of the agreement. If the property is delivered to the vendee before the terms of the agreement have been determined, a recording of the agreement within a reasonable time after it has been made will comply with the statute, unless, perhaps, where rights of third parties have intervened. And where the parties have executed a conditional sales contract, but failed to record it, if that contract is thereafter cancelled and a new one differing from it is made, the parties acting in good faith, the recording of the second contract within a reasonable time after the agreement is made will, where no rights of third parties have intervened, be a sufficient compliance with the statute. 1 Williston, Sales (2d Ed.) § 340, p. 803. It follows that the trial court was in error in rendering judgment for the defendant.

There is error; the cause is remanded to the Court of Common Pleas for Hartford County with direction to enter judgment for the plaintiff.

In this opinion the other judges concurred.