## MAGUIRE v. GORBATY BROS.

### No. 185.

Circuit Court of Appeals, Second Circuit.

Feb. 19, 1943.

Louis Kaye, of New York City, for appellant.

Samuel Gordon, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The conditional sale contract was executed in the City of New York and contained a provision that "This contract shall be construed in accordance with, and be governed by the laws of the State of New York." Under the contract the goods were to be, and were, delivered at the buyer's place of business in Stamford, Conn., and there they remained at the date of bankruptcy. The contract was filed in the Stamford Town Clerk's office, but it was not executed or acknowledged as required by sections 4697 and 4699 of the Connecticut statutes in order to be valid as against attachment and execution creditors, in whose shoes stands the trustee in bankruptcy. 11 U.S.C.A. § 110, sub. c. The claimants' argument amounts to this: Creditors of the conditional buyer were put on notice of the terms of the contract by its filing in the Town Clerk's office; hence they knew New York law was to govern and the validity of the conditional sale must be determined by the law of New York rather than Connecticut. The obvious fallacy in the argument lies in the premise that creditors were put on notice by the filing of a document which did not fulfil the requirements of the Connecticut statutes. Under Connecticut law notice is not imputed to creditors by the filing of such a document. Commercial Credit Corp. v. Carlson, 114 Conn. 514, 517, 159 A. 352, 354; In re R. & B. Construction Co., D. C., 7 F.Supp. 733. As to creditors the conditional sale is declared to be an absolute sale. G.S.Conn.Rev.1930, § 4699; Craig & Co. v. Uncas Paper Board Co., 104 Conn. 559, 133 A. 673; C. I. T. Corp. v. Hungerford, 123 Conn. 438, 196 A. 151; Standard Acceptance Corp. v. Connor, 127 Conn. 199, 15 A.2d 314, 130 A.L.R. 720; Air Equipment Corp. v. Rubbercraft Corp., 2 Cir., 79 F.2d 521. As between the parties a contract of conditional sale may be valid without recording, but obviously their agreement to waive recording, or to record in accordance with the place of contracting, cannot affect rights conferred on creditors of the buyer by a statute of the state where the property is located. The authorities are clear that the law of the situs determines whether or not a conditional vendor retains title to the chattel. Hèrvey v. Rhode Island Locomotive Works, 93 U.S. 664, 23 L.Ed. 1003; A. L. I. Conflict of Laws, § 272, comment c; Goodrich, Conflict of Laws, 355.

Order affirmed.