**In re CURB SERVICE LAUNDRY & DRY CLEANING, Inc.**

**SAMUEL G. BRAUN, Inc., v. McKINNEY.**

**No. 67.**

Circuit Court of Appeals, Second Circuit.

Nov. 29, 1944.

Raymond A. Johnson, of Hartford, Conn., for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

On the facts, Colonial Acceptance Corp. v. Messick, 120 Conn. 585, 182 A. 133, compels reversal,[1] for we must follow the decision of the highest court of Connecticut, construing a statute of that state, as to the validity of conditional sales. In that case, it was held that the reasonable time for recording runs not from the delivery of the goods but from the making of the recorded contract "unless perhaps where the rights of third persons have intervened." Here there were no such intervening rights, for all the claims filed in the bankruptcy proceedings were incurred after the recording of the second bill of sale on September 27, 1940. There is a claim of the State of Connecticut for taxes for 1940, in the amount of $8.42, and one of the United States for taxes for 1940 in the amount of $50.06; but, even assuming arguendo that otherwise those claims would be pertinent, they did not accrue until the close of that year.

We do not read Standard Acceptance Corporation v. Connor, 127 Conn. 199, 15 A.2d 314, 130 A.L.R. 720, as over-ruling or modifying the Messick case. The Connor case merely holds that, where a recording is defective in that the instrument as recorded incorrectly describes the conditions of the sale, the conditional seller cannot recover possession of the goods whether or not it is shown that any creditor relied upon the defectively recorded instrument; nothing was said by the court concerning the question considered in the Messick case and before us here. Nor is there anything in the Messick case indicating that it matters how long a time elapses between the delivery of the goods and the recording, provided the period between the making of the second contract and the recording is reasonable, as it was here.

Herbert S. MacDonald, of New Haven, Conn., for appellant.

Reversed.

[1] It was decided after, and supersedes, our decision in Air Equipment Corp. v. Rubbercraft Corp., 2 Cir., 79 F.2d 521.