## BRUNSWICK–BALKE–COLLENDER CO. v. THOMAS.
### No. 118.

Circuit Court of Appeals, Second Circuit.
Nov. 2, 1945.

John C. Thompson, of Bridgeport, Conn. (Marsh, Day & Calhoun, of Bridgeport, Conn., on the brief), for appellant.

Abraham D. Slavitt, of South Norwalk, Conn. (Slavitt & Sallick, of South Norwalk, Conn., on the brief), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This case involves the validity in bankruptcy of a conditional sale of bowling alleys and appurtenant equipment under the law of Connecticut, that state being the location of the property after delivery. Maguire v. Gorbaty Bros., 2 Cir., 133 F.2d 675, 676. The District Court has held the sale absolute as against the vendee's trustee in bankruptcy for failure of the vendor to observe the requirement of the Connecticut statutes that the contract must describe "the property and all conditions of such sale" and the prohibition against conditional sales of personal property "so attached to any real estate as to appear to be a fixture, or to form a part of such real estate."[1] The court affirmed an order of a referee in bankruptcy denying a

---

[1] "* * * all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides." Conn. Gen.Stat.1930, § 4697.

"All conditional sales of personal property not made in conformity with the provisions of section 4697, and all conditional sales of personal property which, at the time of such sale or thereafter, shall be so attached to any real estate as to appear to be a fixture, or to form a part of such real estate, shall be held to be absolute sales except as between the vendor and the vendee and their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution." Conn. Gen.Stat.1930, § 4699.

petition for reclamation of the property filed by the vendor, and the latter therefore appeals.[2]

On July 28, 1941, the Gateway Development Corporation and the petitioner entered into a contract by which the petitioner agreed to sell Gateway eight bowling alleys, together with certain specified equipment, and in addition to transport from Ridgefield, Connecticut, to the vendee's place of business in Norwalk, Connecticut, and there install, four other alleys owned by Gateway. When Gateway completed the construction of a special building for the alleys on September 24, 1941, the parties entered into the conditional sales contract in question here. They used a form contract, and the space provided for specification of the goods sold included not only the eight bowling alleys actually sold, but the four alleys which were the property of the vendee. In this contract the purchase price was stated as $15,263.06, with no apportionment of the amount attributable to the alleys sold and that covering the expense of reinstallation of the alleys merely transported. The instrument was duly recorded in the Norwalk town clerk's office September 29, 1941.

The Connecticut courts have steadily enforced a policy of strict compliance with all of the provisions of their statute, Standard Acceptance Corporation v. Connor, 127 Conn. 199, 15 A.2d 314, 130 A.L.R. 720; C. I. T. Corporation v. Meyers, 129 Conn. 514, 29 A.2d 758;

American Clay Mach. Co. v. New England Brick Co., 87 Conn. 369, 87 A. 731; In re Wilcox & Howe Co., 70 Conn. 220, 39 A. 163; Commercial Credit Corporation v. Carlson, 114 Conn. 514, 159 A. 352; and that policy of course controls us here. Air Equipment Corporation v. Rubbercraft Corporation, 2 Cir., 79 F.2d 521; Maguire v. Gorbaty Bros., supra; In re Curb Service Laundry & Dry Cleaning, Inc., 2 Cir., 145 F.2d 756.[3] Hence we must hold that this contract does not state all of the conditions of the sale as required by the statute. By lumping the price of the eight alleys with the transportation and installment charges on the other four, the parties failed to specify the price of the property covered by the conditional sale. Further, the contract does not truthfully describe the actual transaction. The inclusion of the four alleys in the description of the "property hereinabove referred to," even if in the ambiguous terms "4 Bowling Alleys being reinstalled," made them seemingly subject to the conditional terms of the sale, though they were in fact the property of the vendee. The cases cited show that so incomplete and indeed misleading a statement of the actual agreement is not enough to bar the vendee's creditors.

Since the sale must be held absolute on these grounds, we need not decide the other point taken below, namely that the bowling alleys were so attached to the real estate as not to be the subject of conditional sale under the statute.

Affirmed.

[2] The referee rested his decision only upon the insufficiency of the description of the contractual terms in the recorded agreement, rejecting the ground that the property was so "attached" to the realty "as to appear to be a fixture." The court, however, held for the trustee on this latter ground as well, holding that the weight and size of the alleys and the fact that they were actually nailed to sleepers placed upon a concrete floor were enough to satisfy "even the narrower definition of 'attach'" which might control in view of an amendment to Conn.Gen.Stat. § 4699 by P.A.1929, c. 218, substituting "attached" for "placed."

[3] In re Curb Service Laundry & Dry Cleaning, Inc., supra, relied on by petitioner, does not show a departure from this policy. That involved the question of reasonable time of recording, where there were no intervening rights of third persons; assuming the rule that recording of an instrument incorrectly describing the conditions of the sale was insufficient, we held that the later recording of a corrected instrument was adequate, citing Colonial Acceptance Corporation v. Messick, 120 Conn. 585, 182 A. 133.