THERESA D. COURTNEY, ADMINISTRATRIX (ESTATE OF GEORGE COURTNEY) v. NICKOLY DZURICH

SUPERIOR COURT      HARTFORD COUNTY     FILE No. 85088

Memorandum filed December 21, 1949

*James N. Egan,* of Hartford, for the Plaintiff.

*Shipman & Goodwin,* of Hartford, for the Defendant.

CORNELL, J. The complaint recites that plaintiff's decedent was injured by reason of defendant's negligence on July 2, 1948, and, from the effects of the hurts then sustained, died on July 2, 1949. The complaint is dated July 1, 1949, which is the day previous to his decease, and according to the officer's return, annexed thereto, was served on the defendant on the same day. It

is alleged that on July 2, 1949, plaintiff was "duly appointed temporary administratrix of his estate and duly qualified and is acting as such."

The reason of demurrer assigned is that "it nowhere appears in said complaint that the plaintiff is the executrix or administratrix of said George Courtney, deceased, as required in said statutes," referring to General Statutes, Rev. 1930, §§ 5987 and 6030 (Rev. 1949, §§ 8296, 8337). This has reference to the fact that plaintiff institutes the suit as a "Temporary Administrator" apparently appointed under the provisions of General Statutes, § 6982, instead of § 6980, which authorizes the appointment of an administrator in the case of a person who dies intestate leaving an estate of some species. The proposition of law advanced is that it is the latter only, in case of intestacy, who may bring an action to enforce the right of recovery for the death of one who dies from the delict of the party legally at fault.

The powers and duties of a temporary administrator appointed pursuant to § 6982 are "to hold and preserve the estate until the appointment of an administrator or trustee or the probating of the will." In addition, such a temporary administrator may sell any property owned by the estate which is perishable in its nature or cannot be retained to advantage; make up and complete any stock or materials which are in an unfinished state; continue any business so far as may be necessary for the preservation of same; take immediate possession of all of the estate of the decedent, both real and personal, collect the rents, debts and income thereof and do whatever else may be necessary for the preservation of the estate . . . but only as the court of probate may authorize and approve. General Statutes, § 6983.

The complaint contains no allegation that the Court of Probate has either authorized or approved the bringing of the instant action by the plaintiff as temporary administrator on the decedent's estate. But the demurrer does not except to the lack of such an allegation nor raise the question whether, if such authority or approval were given, plaintiff would still be without right to maintain the suit. The question argued is really in the abstract and, inasmuch as the demurrer does not point specifically wherein the plaintiff lacks power as temporary administrator to qualify as an administrator as that term is employed in the statute, § 8296, is academic. "Each demurrer shall distinctly specify the reason or reasons why the pleading demurred to is

insufficient." General Statutes, § 7814. As the demurrer does not meet the requirement of this section (*Daury* v. *Ferraro*, 108 Conn. 386) on the one hand and does not reach all possible aspects of the pleading attacked (*American Clay Machinery Co.* v. *New England Brick Co.*, 87 Conn. 369) on the other, it is overruled.