*Western District*

*District Court of Springfield*

## THE BUDGET PLAN, INC.
### and
## O'MEARA MOTORS INC.

### v.

## STERLING A. ORR, INC.

*Riley, P. J.* In this action of replevin the plaintiffs

seek to recover an automobile sold by the plaintiff O'Meara Motors, Inc. on an alleged conditional sales contract to one Harry J. Smith of Chicopee, Massachusetts which alleged contract was later assigned to the plaintiff the Budget Plan, Inc. and which was in the possession of the defendant at the time of replevin by the plaintiffs.

The defendant's answer is a general denial and a particular denial that the plaintiff had title or the right to possession of the property replevied, and further that the conditional sales agreement upon which the plaintiff bases its right in this action was not duly executed, acknowledged or recorded in accordance with the law and is therefore void and unenforceable as to the defendant.

*At the trial before Ehrlich, J. there was evidence tending to show*: that the plaintiff O'Meara Motors Inc. on or about June 7, 1952 was the owner of the automobile replevied from the defendant in this action, a Ford car with motor number B2SR 113393; that on June 7, 1952 O'Meara Motors Inc., in its place of business at Hartford, in the State of Connecticut, sold to Harry J. Smith, a Massachusetts resident, the automobile replevied in this action; that Harry J. Smith executed an agreement dated June 7, 1952, plaintiffs' exhibit 1; that said agreement was executed and delivered in Connecticut; that the automobile replevied in this action was delivered to Harry J. Smith at the place of business of O'Meara Motors Inc. in Hartford, Connecticut; that on or about June 7, 1952 plaintiff O'Meara Motors Inc. sold and assigned for a fair and valuable consideration to plaintiff The Budget Plan, Inc. the aforesaid alleged contract of conditional sale herein referred to; that on March 20, 1953 the alleged contract of conditional sale was in default and that the balance unpaid at that time was $1796.54; that on the face of the aforesaid contract there now appears a stamp with a date of April 16, 1953 indicating a payment to The Budget Plan, Inc. of the aforesaid contract

in full; that the aforesaid stamp was affixed in error and not as a result of payment by the original vendee; that there was an arrangement on April 16, 1953 between the plaintiffs by which the plaintiff O'Meara Motors Inc. paid over the sum of $1600 to plaintiff The Budget Plan, Inc. with the understanding that if the right to proceed to collection or repossession in the plaintiff The Budget Plan, Inc. were attacked that the parties were to revert to their positions as if the $1600 had not been paid; that Harry J. Smith sold the aforesaid automobile to one Gilbert J. Kushnet, a used car dealer in Springfield, in October or November, 1952; that late in 1952 Gilbert J. Kushnet sold the aforesaid automobile to one Giannini, also of Springfield; that Giannini sold the aforesaid automobile to defendant; that defendant was an innocent purchaser without notice of any arrangement between the original vendee and either of the plaintiffs; that said automobile was replevied from defendant on October 24, 1953; that plaintiffs' expenses in connection with the replevin suit and taking possession of the automobile originally sold to Harry J. Smith and replevied from defendant were $87.75; and that on November 5, 1953 Gilbert J. Kushnet paid to defendant $1700 for an assignment of defendant's rights in and to the automobile replevied in this action.

Both parties introduced Chapters 310 and 311 of the General Statutes of Connecticut regarding Sales of Personal Property on Condition and Retail Installment Sales Financing, respectively.

The plaintiffs seasonably filed the following Requests for Rulings:

1. If plaintiffs', Connecticut corporations, original contract of conditional sale of replevied article, in Connecticut, was in accordance with the laws of that state, the contract and plaintiffs' security right were established thereby and follow the chattel into Massachusetts. *Esson v. Tarbell,* 9 Cush. 407, 413.

2. Plaintiffs are entitled to maintain and enforce in this

Commonwealth the title rights retained by them according to the Lex Loci Contractus. *Langworthy v. Little,* 12 Cush. 109, 111.

3. Whether plaintiffs' rights are determined strictly by the Lex Loci Contractus, or by the situs of the automobile at the time plaintiffs entered into the original contract of conditional sale, the validity of the contract and the retention of security title is in accordance with the law of Connecticut. *Jewett v. Keystone Driller Company,* 282 Mass. 469, 475, 479, 485.

4. Plaintiffs could not lose their rights in Massachusetts under a conditional sale made while the automobile, which was the subject of the right, was in Connecticut, merely because a Massachusetts vendor would not retain title if the same contract were written in Massachusetts. Restatement Conflict of Laws, §277a.

5. Plaintiffs' interest in the chattel automobile sold by a conditional sales contract and delivered in Connecticut, in accordance with the laws thereof, is recognized in Massachusetts. Restatement Conflict of Laws, §§272 and 273. Williston on Contracts, §339.

6. The original conditional sales contract relied on by plaintiffs, concerning the chattel replevied in this action, was drawn and executed in accordance with Connecticut law. General Laws of Connecticut, 1949 edition as amended, Chapter 311, §6699.

7. The signature of the purchaser alone on the original contract of conditional sale concerning the automobile replevied in this action was sufficient under Connecticut law. *National Cash Register v. Lesko,* 77 Conn. 276, 278. *Commercial Credit Corp. v. Carlson,* 114 Conn. 514, 515.

8. The provisions of Connecticut law for acknowledgment and recording of conditional sales contracts do not apply where the conditional vendee is not a resident of the State of Connecticut, General Laws of Connecticut, 1949 edition as amended, Chapter 310, Sections 6692 and 6693. Massachusetts General Laws, Chapter 255, Section 1. *Langworthy v. Little,* 12 Cush. 109, 111.

9. The operation of the recording provisions of Section 6692 is restricted to conditional vendees or persons or corporations within the jurisdiction of the State of Connecticut. General Laws of Connecticut, 1949 edition as amended, Chapter 310, §6692; Legislative Power, Words and Phrases, Volume 24, Page 663.

10. The acknowledgment and recording provisions of the Connecticut law under §6692 above cited, are for the protection and government of the citizens of Connecticut. Words and Phrases, Volume 40, Statute Law.

11. "It would seem that even unrecorded foreign contracts, invalid where made as against third persons, might be held valid in Massachusetts as against third persons whose rights accrued while the property was in Massachusetts, and who are therefore not protected against secret reservations of title." C. C. H. Conditional Sales and Chattel Mortgage Reports, Volume 1, Page 7416, paragraph 175.

12. The acknowledgment and recording provisions of Connecticut statute Section 6692 cited above are to be taken together as part of a common scheme for the protection of parties affected by conditional sales in Connecticut to Connecticut residents. *American Clay v. New England Brick,* 87 Conn. 369, 374, "acknowledged when it was first recorded". *Jester v. Naples,* 94 Conn. 567, 569. *Commercial Credit Corporation v. Carlson,* 114 Conn. 514, 517, "acknowledged and filed . . . . . This".

13. There was no necessity for a demand by plaintiffs prior to replevin. *Norman Printers Supply v. Ford,* 77 Conn. 461.

14. Plaintiffs' right to possession was immediate upon the default of the conditional vendee. *Griffin v. Ferris,* 76 Conn. 221.

15. Where defendant has transferred after commencement of this action any interest he may have had in the chattel automobile, defendant is entitled at most to a judgment in his favor and nominal damages. *Wheeler v. Train,* 3 Pick. 255, 4 Pick. 168.

16. Defendant never having had the right to possession of the chattel automobile which is the subject of this action cannot acquire it by a suit against it and would not be entitled in any event to a judgment for a return. *Whitwell v. Wells,* 24 Pick. 24, 32, 33.

The judge found for the defendant and assessed damages in the sum of $200.00 and for the return of the automobile in question to the defendant. He found as a fact that Chapter 310 of the General Statutes of Connecticut, §6692 was not complied with in that the conditional sales agreement was not acknowledged before a competent authority and that

because of this failure there was no legal conditional sales agreement between the plaintiff O'Meara Motors Inc. and the purchaser of the automobile, Harry J. Smith. He expressly declined to make any finding in reference to the necessity of recording this conditional sales agreement. He further found that when the alleged sale was made there was transfer of such title as permitted the defendant, as an innocent purchaser without notice of any arrangements between the original vendee and either of the plaintiffs, to purchase the automobile in question. He also found that neither of the plaintiffs had such sole ownership of the automobile as to entitle them to replevin against the defendant.

He allowed plaintiffs' requests Nos. 1, 2, 3 and 13. He denied request No. 4 in view of his finding that there was no valid conditional sales agreement. He denied requests Nos. 5, 6, 7, 8, 10, 11, 12, 15, and 16 as not being in accordance with the facts found. He denied request No. 9 because he would not undertake to make a finding on the question of recording in view of his finding of lack of acknowledgment as required by law. No. 14 was denied for lack of clarity.

General Statutes of Connecticut, Chapter 310, §6692 reads as follows:

"Except as otherwise provided, in this chapter, all contracts for the sale of personal property conditioned that the title thereto shall remain in the vendor after delivery shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides; but the provisions of this section shall not apply to household furniture, musical instruments, phonographs, phonograph supplies, radios, bicycles or property, exempt from attachment and execution."

The plaintiffs have argued that inasmuch as no

provision is made in this statute for the recording of a conditional sales agreement when the vendee is not a resident of Connecticut and Smith, the vendee, was not a resident of that state the statute does not apply to the case at bar. However, the plaintiffs' third request for ruling which was given by the trial judge was to the effect that the validity of the contract and the retention of security title is in accordance with the law of Connecticut. As was said in *Thomas G. Jewett, Jr., Inc., v. Keystone Driller Company*, 282 Mass. 469, 475:

> "The trial judge at the request of the plaintiff ruled that the conditional sale agreement was a Massachusetts contract. This ruling was plainly right; but whether right or wrong, the plaintiff is bound by it and cannot complain because it was a ruling made at its request."

It has been held in *Commercial Credit Corp. v. Carlson*, 114 Conn. 514 that the absence of, or an improper acknowledgment under this statute, even if the filing requirement of the statute is met, makes the sale void as to third persons. See also *C.I.T. Corporation v. Hungerford*, 123 Conn. 438.

The plaintiffs in order to maintain their action were required under the defendant's answer to show both property in the goods taken and the right of immediate and exclusive possession. *Jeffery v. M. W. Leahy & Co.*, 258 Mass. 548, 549 and cases cited. This they could not do by reason of the defect in their right to possession brought about by their non-compliance with the Connecticut statute.

Consequently, we find no error in the manner in which the plaintiffs' requests were dealt with by the trial judge.

According to the report by the trial judge the parties have stipulated that the figure of $2,071 shall be used to assess the total loss to defendant for which plaintiff is to be held accountable, in lieu of any obligation or proceedings for the return of the replevied automobile and for payment of any de-

preciation thereon, in the event of an Appellate Division decision in favor of defendant. In *Adamaitis v. Metropolitan Life Ins. Co.,* 295 Mass. 215 at 221 the court says, "And the parties in this case could not by agreement confer on the Appellate Division the power to review findings of fact or to make alternative findings of fact." We do not feel that we have the authority to order judgment in the amount agreed upon between the parties but as no prejudicial error appears the *report is to be dismissed.*